[Civ. No. 5814. Second Appellate District, Division One.—May 7, 1928.]

MARY DAVIS, Appellant, v. GEORGE H. SCHNEIDER, as Administrator, etc., et al., Respondents.

632

MacDonald & Thompson and Kimball Fletcher for Appellant.

Kennicott & Williams for Respondents.

WOOD (W. J.), J., *pro tem.*—Plaintiff on September 21, 1923, filed a complaint in the usual form seeking to quiet title to an undivided one-half interest in a parcel of real estate. Defendants, in addition to denying plaintiff's allegations of ownership, set up the defenses of laches, estoppel, and the statute of limitations. The findings of the trial court were favorable to defendants on all of these issues and judgment was accordingly rendered, from which plaintiff prosecutes this appeal.

Nearly all of the essential facts are covered in the following stipulation presented by the parties: "(1) That upon the first day of August, 1913, title to the real property involved in this action was in Charlotte Stuckey, and Albert F. Stuckey, and that on said date they deeded the same to James Kinley and Anna Newheuser, by a grant deed which was recorded August 7th, 1913, in Book 5563, of Deeds, Records of Los Angeles County, California. (2) That the purchase price of said property was paid share and share alike by the said James Kinley, and Anna Newheuser out of their own separate funds. (3) That subsequently, to wit on the —— day of August, 1913, the said James Kinley, and Anna Newhauser intermarried, and immediately thereafter entered into the actual physical possession of the said property, and premises, and continued to occupy the same as their home up to and including the date of the death of the said James Kinley, and that the said Anna Kinley, formerly Anna Newheuser, as the widow of the said James Kinley, continued in the actual physical possession thereof, occupying the premises as her home.

(4) That plaintiff never at any time prior to the commencement of this action demanded the possession of the said property; and that prior to the commencement of this action, and service of process therein upon them, neither the defendant, W. T. Largent, or the defendant Anna Kinley, ever had any notice, or knowledge, of any claim of right of the plaintiff, in or to said property, save and except in so far as the recording of the instrument under which plaintiff claims may have been constructive notice to them. (6) That all of the taxes, and assessments for local improvements, and expenses of maintenance and repair, have been paid from time to time by the said James Kinley, or Anna Kinley, or W. T. Largent as Administrator of the Estate of James Kinley, and without contribution from the plaintiff. (7) That the said James Kinley died on or about Sept. 12th, 1917, and the defendant W. T. Largent was duly appointed Administrator of his Estate, on October 1st, 1917; that he qualified as Administrator, and even since said date has been, and now is acting as Administrator. (8) That an inventory and appraisement was regularly filed in the said Estate of James Kinley, on the 3rd day of January, 1918. That the third item mentioned in said inventory recites: 'Half interest house and lot 4452 Melbourne Ave., Los Angeles—Lot 2, Tract 822' and the appraised value thereof is given as $1000.00. That on February 23rd, 1918, a petition was filed for an order to set aside a homestead for the said Anna Kinley, which said petition prayed that the said homestead consist of the undivided one-half interest of the decedent in the said Lot 2 Tract 822. That on the same date a petition was also filed asking for a family allowance to the said widow. That due notice of hearing of said petition was given, and thereafter the Court did, on said hearing, set aside the homestead, as prayed, and ordered a family allowance to the said widow of $50.00 per month. (9) That on February 25th, 1920, the plaintiff petitioned the Court for an accounting and distribution. That thereupon an order issued, and the Administrator filed his 'first account current' on March 3rd, 1920, which said account current contained the following item, among the items with which the said Administrator charged himself: 'Half interest in house and lot situated at 4452 Melbourne Avenue, Los Angeles,

being Lot #2 in Tract 822, appraised at $1000.00. Since appraisement, however, a homestead has been granted to Anna Kinley, widow of decedent, but the appraisement has not been changed—$1000.00.' Upon subsequent proceedings duly noticed and heard, and on the 2nd day of June, 1920, the Court made its order directing a partial distribution of the Estate, and in the same order, and as a part thereof directed that the payment of the family allowance should cease. That by said order of partial distribution all of the Estate in the hands of the said Administrator was ordered distributed save the property here involved, and a certain amount in cash. That the Administrator thereupon made the said partial distribution as ordered, and the plaintiff herein accepted the part ordered distributed to her. That as appears from the reference thereto in the said 'First account current'; and as was brought out on the hearing thereon, the reason the Estate was not in condition to be fully distributed at that time was that litigation was pending in the Supreme Court to determine certain claims against the Estate. (10) That the said litigation was decided adversely to the Estate, and upon further proceedings had in the Superior Court of Los Angeles County, judgment was rendered against the Administrator, and the Administrator has paid the said Judgment out of the said undistributed portion of the said Estate."

In addition to the facts set forth in the stipulation it was shown that plaintiff was a half-sister of James Kinley. She offered in evidence a quitclaim deed to the property in question dated September 10, 1913, in which the interest conveyed was not limited to a one-half interest. This deed was recorded on August 3, 1918. Plaintiff testified that she first saw this deed about January 1, 1916, upon her arrival from her former home in Missouri and that James Kinley gave the deed to her at that time. He had told her that he wanted her to make her home on the premises. She further testified: "He wanted me to stay anyway after he got married, just the same as if he was not and me do the cooking and I said all right, and it was not congenial, and I did not stay there very much. I was there one time four or five months, and I was there every little while for a few days but I did not stay there altogether."

No consideration passed between James Kinley and plaintiff.

The ruling of the trial court that plaintiff's right of action, if any, was barred by her laches is justified by the evidence. She received the deed, according to her testimony, on January 2, 1916, but did not take action to enforce her rights for seven years and eight months. During this period Mr. and Mrs. Kinley continued to make their home upon the property until the death of Mr. Kinley on September 12, 1917, and thereafter Mrs. Kinley lived on the premises until the action was commenced. During the process of the administration of the estate of James Kinley the plaintiff took no steps to notify the administrator or the widow of any claim she might have to the property, but, on the contrary, caused the administrator to bring in his first account current, to which she made no objection despite the recital therein that the property now in litigation was an asset of the estate with which the administrator had charged himself. After the account current was filed, plaintiff received a share of the estate upon partial distribution thereof by order of the probate court. She made no objection when the inventory of the estate was filed in which the property in dispute was listed as belonging to the estate of James Kinley, nor when a family allowance was made and the property set aside as a homestead for the widow. Doubtless the probate court considered the property in question as belonging to the estate when it made the family allowance to Anna Kinley. The amount of the allowance might have been different had the court known that plaintiff had a deed to a half-interest in the property, and thus the interest of the various heirs might have been affected. She delayed action until after the death of the main witness who could testify to facts which would negative her claims.

There is no definite rule as to the length of time that would bar an action on the ground of laches. The peculiar circumstances of each case must be taken into consideration and a large discretion is reposed in the trial judge. The appellate court should not interfere with the conclusion reached by the trial judge, unless it is shown that manifestly an injustice has been done. (*Pratt* v. *Pratt*, 43 Cal. App. 261 [184 Pac. 956].) We cannot say

that the trial court improperly exercised its discretion in the present case.

The disposition which we have made of the contentions of the parties on the subject of laches makes it unnecessary to discuss other points which appellant has presented and by which she contends that certain findings on the subject of the delivery of the deed are not supported by the evidence.

The judgment is affirmed.

Houser, Acting P. J., and York, J., concurred.

A petition by appellant to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on July 5, 1928.

All the Justices present concurred.