[S. F. No. 12667. In Bank.—September 13, 1928.]

MARY BOUST, Appellant, v. E. J. BOUST, Respondent.

Lindsay & Gearhart and B. W. Gearhart for Appellant.

E. J. Boust, *in pro. per.*, for Respondent.

RICHARDS, J.—This was an action for divorce. The defendant being served with process failed to appear. His default being entered the cause was tried on September 17, 1926, and an interlocutory decree entered in plaintiff's favor to the effect that she was entitled to a divorce and the custody of the minor child of the parties, and further entitled to an award of a monthly sum of thirty dollars to be paid by the defendant for the support and maintenance of said child. On May 19, 1927, a written stipulation and agreement of the parties was presented to the court, requesting that the interlocutory decree be vacated and the action dismissed. It was recited therein that the parties had become reconciled and were living and cohabiting together as husband and wife, and that it would be for the best interest

of both parties and their child that the interlocutory decree should be vacated and set aside and the action dismissed. Upon the presentation of said stipulation and agreement the trial court made and entered an order vacating and setting aside the interlocutory decree and directing a dismissal of the action. Thereafter and on the seventeenth day of June, 1927, the plaintiff presented and filed with said court her petition for an order vacating the order dismissing said action and reviving and restoring said interlocutory decree. The basis of her petition consisted in her verified statement as set forth therein that the aforesaid stipulation and agreement entered into between her husband and herself had been procured by the latter through false and fraudulent misrepresentations and through promises made with no intention on the part of the plaintiff's husband of performing the same, but made solely for the purpose of deceiving and misleading the plaintiff into making and signing said stipulation and agreement. The plaintiff's petition was duly served upon the defendant, who failed to appear or respond thereto. The matter came on regularly for hearing before the trial court, but upon such hearing the court ruled that it was without jurisdiction to entertain said petition or to hear any evidence or take any action thereon except to dismiss the same, and upon that ground it made its order denying said petition, from which order this appeal has been taken.

We have examined the record herein and are satisfied from such examination that the trial court was in error in the making and entry of its order. The basis of the appellant's seasonable application for relief was the alleged fraudulent procurement of her consent to the setting aside of the interlocutory judgment and to the dismissal of said action. Assuming the facts stated in her petition to be true, it would seem to be clear that the fraudulent acts of the defendant whereby the consent of plaintiff was procured to the setting aside of the interlocutory decree and the dismissal of the action amounted also to a fraud practiced upon the trial court and by which it was induced to set aside its said order and to enter a dismissal of said action. This being so, we are entirely satisfied that the trial court possessed inherent power to vacate and set aside whatever orders it had made in the premises and which were predicated upon the stipulation and agreement of the parties thus fraudu-

lently procured and presented to said court as a basis for its order, which would not otherwise have been made. The fraud in this case was extrinsic and amounted to an imposition practiced upon the trial court resulting in the procurement of its said order. In the recent case of *McGuinness* v. *Superior Court*, 196 Cal. 222 [40 A. L. R. 1110, 237 Pac. 42], it was held, upon a somewhat similar state of facts, that the trial court had jurisdiction to set aside its judgments and orders thus fraudulently procured. It is not necessary to review all of the authorities cited by the appellant in support of her position herein, and her application to the trial court having been seasonably made, we are satisfied that said court possesses and should have exercised its jurisdiction to hear and determine the appellant's said petition, and upon a proper showing grant the relief prayed for therein.

The order is reversed.

Shenk, J., Seawell, J., Preston, J., Langdon, J., Curtis, J., and Waste, C. J., concurred.