[Civ. No. 7163. First Appellate District, Division Two.—June 4, 1930.]

DOT MARIE WOLFE SHORT, Respondent, v. FRANK H. SHORT, Appellant.

Sutherland & Dearing and Frank Kauke for Appellant.

Phillip Conley, Conley, Conley & Conley and F. de Journel for Respondent.

STURTEVANT, J.—The plaintiff commenced an action to recover under two separate contracts. The defendant answered and a trial was had before the court sitting without a jury. That court made findings in favor of the plaintiff and from the judgment entered thereon the defendant has appealed.

Formerly the plaintiff and defendant were husband and wife. They had a child, a son, who was about ten years of age when this case was tried. During their married life the parties accumulated some community property. In January, 1927, they entered into an agreement which the parties termed the first agreement. By its terms the plaintiff agreed to sell to the defendant for the sum of $50,000 all of her rights in the community property; she also agreed that he might have the custody of their minor son and it was further agreed that she would go to Paris, obtain a divorce and marry James Doud. That agreement was partly executed. Mrs. Short conveyed her interests in the community property and the defendant has ever since retained the same. They could not borrow $50,000 on their properties, but they succeeded in borrowing $35,000, which in the form of a check Mr. Short delivered to James Doud, who invested the same, lost the most of it, and later paid the balance, $3,800, to Mr. Short, which he has retained ever since. In the course of a few months it transpired that James Doud declined to get married. Thereupon he dropped out of the arrangements and no other part of the so-called first agreement was ever carried into effect.

In November, 1927, and for some time prior thereto, many discussions occurred between Mr. and Mrs. Short regarding the $35,000. She claimed she had never received it. He claimed that he paid it to James Doud on her request. She denied that it was done wholly at her request and asserted that Mr. Short should have looked to the collection of it. After these discussions Mr. Short wrote out, signed, ac-

knowledged and delivered an instrument in writing as follows: "I hereby agree to pay to Dot Marie Wolfe Short three hundred dollars per month as long as she lives whether she remains my wife or divorced, or the wife of another, whether living in this country or abroad." That instrument the parties designate as the second agreement. After delivering it the defendant made the payments from time to time until the first of November, 1928. At that time he failed to make the payment due for that month and Mrs. Short instituted this action for the purpose of collecting the installment alleged to be due at that time.

The defendant calls to our attention the fact that the trial court made a finding that the second agreement was a modification of the first agreement. Thereupon he claims that the plaintiff's cause of action, if any, should have been based on the modified agreement. The finding was not in response to any written allegation. It may be contended that it was in response to plaintiff's unwritten replication. (Code Civ. Proc., sec. 462.) Our attention has not been called to any evidence showing that in truth and in fact it was a modification of the first agreement. We have found none. However, as we view this action, the finding was of no importance in the litigation.

■ The defendant contends that the finding of the trial court that preceding the execution of the second contract there had been controversies between the plaintiff and the defendant concerning their respective property rights, and that their said agreement was supported by a good and valuable consideration, and defined the respective property rights of the parties, is wholly unsupported by the evidence. With this contention we are unable to agree. The defendant had received and now holds all of the plaintiff's interest in the community property. Furthermore, the agreement was made a short time prior and was carried into the divorce case, which will presently be noted.

■ The trial court, in the instant case, made a finding that said contract and property settlement (second agreement) was recognized, ratified and confirmed by said defendant Frank H. Short in connection with the said divorce proceedings and that no other or additional provision was made in connection with said divorce proceedings or otherwise for the maintenance and support by said Frank H.

Short of said Dot Marie Wolfe Short or of said minor child, Frank H. Short III. That finding is not a perfect statement of an estoppel, but such was clearly the claim of the plaintiff in the trial court and is her claim in this court. She pleaded other facts and the court found those facts true and, considering all of them in connection with the finding which we have just quoted, we are unable to say that the plaintiff did not plead an estoppel and that the trial court did not find one. In this connection the evidence showed that the divorce case was heard and judgment entered on the ninth day of April, 1928; three months prior to the filing of the complaint Mr. Short became a resident of Nevada; in his complaint he charged Mrs. Short with cruelty; she filed a cross-complaint in which she charged Mr. Short with cruelty, and prior to the hearing of the action Mrs. Short's deposition was taken in Monterey County. She and Mr. Short prepared the answers to the written interrogatories. Among her answers she stated: "If I am given the custody of our boy I am sure Mr. Short will probably provide for him. He is very fond of him. There is no community property belonging to him and me. I waive all rights to permanent alimony for my own support and maintenance *except those previously agreed upon.*" Mr. Short was in the courtroom when that deposition was read and made no objection whatsoever and allowed the trial court to act thereon. He took the stand as a witness in his own behalf. Some of his answers included the following: "There is no community property belonging to me and Mrs. Short. I have been supporting Mrs. Short and the boy recently. That was pursuant to an agreement I have with her. I am willing to continue that support in accordance with that agreement. That agreement calls for the payment of three hundred dollars a month." Later the trial court made findings in favor of Mrs. Short and in those findings made no provision for maintenance of the wife or the minor child, but awarded the custody of the child to the mother and expressly reserved jurisdiction to thereafter modify its decree relative to the custody and maintenance of the minor child. That decree has never been modified nor set aside. When, during the hearing of the divorce case, the second agreement was taken up Mr. Short could have asserted any of the facts hereinabove recited and could have contended

that the contract was illegal. He did not do so. ■ For the purpose of ascertaining what were the issues in the divorce action the entire record in that action, including the evidence, may be examined. (*Shaker* v. *McCormick,* 179 Cal. 387, 389 [177 Pac. 155].) That judgment is *res judicata* of all matters which were or might have been litigated in that action. (*Estate of Bell,* 153 Cal. 331 [95 Pac. 372].) ■ On examining that record it appears that on the hearing Mr. Short represented to the trial court that the second agreement was and is a valid subsisting agreement and he took a judgment against himself that imposed no duty on him to pay maintenance moneys for his wife or child. He is now estopped from claiming that the second agreement is illegal. (15 Cal. Jur., p. 144; *Borland* v. *Borland,* 56 Cal. App. 638 [206 Pac. 478].) In his brief the defendant contends that one will not be estopped from pleading the illegality of a contract. (*Union Collection Co.* v. *Buckman,* 150 Cal. 159, 164 [119 Am. St. Rep. 164, 11 Ann. Cas. 609, 9. L. R. A. (N. S.) 568, 88 Pac. 708].) That point is not the one before us. The point before us is whether a final judgment of a court of competent jurisdiction can be claimed to be an estoppel.

Finding No. 13 is very long and dwells extensively on the first agreement and the relation thereof to the second agreement. The defendant claims that it is not responsive to the issues presented by the pleadings. The first agreement was pleaded by the defendant in his answer. The second agreement was pleaded by the plaintiff in her complaint. The finding contained some expressions regarding modification. We have already considered that subject. That finding treats of many other subjects not necessary to be considered because they do not go to the rights of the litigants as we have pointed out those rights in this opinion. ■ Claiming that the first contract was wholly *contra bonos mores* and that the second agreement was but a modification of the first the defendant asserts that the modified agreement contains all of the vices of the first agreement. As we have pointed out, he did not make that claim when he should have done so, and may not do so now.

The second contract on which the plaintiff sought to recover was an alleged contract under the terms of which the defendant purchased from the plaintiff an automobile.

The trial court found all of the facts in favor of the plaintiff. There was certainly evidence in the record that justified it in making those findings. We find no error in the record.

The judgment is affirmed.

Nourse, P. J., and Spence, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on July 2, 1930, and a petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on July 31, 1930.