[L. A. No. 11688.   In Bank.—September 13, 1932.]

IDA MAY HENDRICKS, Appellant, v. CLIFFORD HEN-DRICKS, Respondent.

Lorrin Andrews for Appellant.

Macfarlane, Schaefer, Haun & Mulford and Henry Schaefer, Jr., for Respondent.

WASTE, C. J.—Plaintiff appeals from a judgment of dismissal entered upon the sustaining of a general demurrer to the complaint without leave to amend.

The action is one to annul and set aside an interlocutory decree of divorce alleged to have been obtained by reason of the threats, coercion and duress of the defendant. It appears from the complaint herein that in March, 1925, the defendant brought suit for divorce in the state of New York charging plaintiff with having committed adultery. In July of the same year the plaintiff instituted an action in California for maintenance. The defendant visited the plaintiff in California the following October and offered to dismiss the New York action if plaintiff would abandon her maintenance suit and, instead, bring an action for divorce charging the defendant with desertion. Upon this occasion and at divers other times during the ensuing years, the defendant is alleged to have stated that he had sworn confessions of certain named persons that each of them had committed adultery with plaintiff; that he would disgrace and degrade plaintiff; that her child would be taken from her by the court and that she would never be allowed to see the child again; and that he would secretly take the child from her unless she agreed to his demands. In 1925 the plaintiff apparently "partially consented", but nevertheless

neglected to commence the divorce action until 1927. The matter then remained dormant until November, 1928, at which time an answer was filed and a stipulation signed by the respective attorneys that the divorce action should be tried as a default. Thereafter the interlocutory decree which it is here sought to have set aside was entered. The complaint in the present action then alleges that subsequent to the entry of said decree and between December, 1928, and April, 1929, the plaintiff for the first time ascertained that the statements and threats of the defendant were false and untrue and made solely for the purpose of intimidating and compelling plaintiff to bring the suit in divorce against her will and for the purpose of freeing the defendant from his marital obligations to plaintiff and their child.

We find no error in the trial court's ruling sustaining the demurrer to the complaint without leave to amend. Equity will not vacate a judgment obtained through the collusive connivance of the parties to the action. To warrant such relief there must be a showing of coercion, imposition or fraud upon the party complaining. (*Bancroft* v. *Bancroft*, 178 Cal. 359, 362 [L. R. A. 1918F, 1029, 173 Pac. 579] ; *Lanktree* v. *Lanktree,* 42 Cal. App. 648, 651 [183 Pac. 954].) However, the fraud or the means of coercion must be extrinsic or collateral to the subject of dispute in the action wherein the order or judgment complained of was entered. If a judgment or order is the creature of extrinsic fraud it may be vacated. Where, however, evid˜nce of the coercion or duress or the fraud could have been presented to the court or to an attorney of the complainant's own choosing during the pendency of the action so that full examination of the facts could be made and full protection given to the rights of the parties, equity will not interfere but will leave the parties to the fraudulent transactions where they have placed themselves. (*Mitchell* v. *Cline,* 84 Cal. 409, 416 [24 Pac. 164].)

The alleged threats to blacken the plaintiff's reputation, the charges of adultery, and the threats to deprive plaintiff of the custody of her child by court order or other means, were matters over which the plaintiff herein could have had a thorough hearing during the pendency of the divorce action. The court before whom that action was pending was in a position to determine all issues pertinent

thereto, including any question as to the custody of the minor child of the parties. It also possessed the necessary vitality to compel obedience to its decrees. Plaintiff should have informed her attorney in the divorce action of all the facts here alleged and she would have received the protection of the court in all of her marital rights. Failing to seasonably do this, it is now too late to seek relief on the grounds here urged. There is nothing in the record to indicate' that the attorney representing plaintiff in the divorce action was in fact the attorney for the defendant or that he was inimical in any respect to the best interests of the plaintiff. (*Pico* v. *Cohn,* 91 Cal. 129, 133 [25 Am. St. Rep. 159, 13 L. R. A. 336, 25 Pac. 970, 27 Pac. 537].) The allegations of the complaint disclose, at best, intrinsic fraud and coercion and plaintiff is therefore concluded by the interlocutory decree of divorce procured through the collusion of the parties litigant, which decree has long since become final. It is our conclusion, therefore, that the complaint fails to present a case of equitable cognizance.

The judgment is affirmed.

Curtis, J., Langdon, J., Tyler, J., *pro tem.,* Preston, J., and Shenk, J., concurred.