[Civ. No. 6328. Third Appellate District.—April 10, 1940.]

HENRY NEWTON THOMPSON, Respondent, v. EDDA OFFICER THOMPSON, Appellant.

Conroy & Conroy and Edward L. Conroy for Appellant.

Farrand & Slosson for Respondent.

THE COURT.—An action for divorce was filed by respondent, and upon the default of the defendant, on May 21, 1935, an interlocutory decree was entered on June 6, 1935. By this interlocutory decree the respondent husband offered to and was directed, among other things, to maintain a $10,000 life insurance policy in favor of defendant, and to continue her as beneficiary to the amount of the unpaid balance on a note and deed of trust on the home property standing in the wife's name and being her separate property; to pay $185 each month on the taxes, insurance and instalments of

principal and interest on said note and deed of trust, and also to pay $440 each month for the support of appellant and their minor children. All of these terms and conditions were regularly performed by respondent.

Nothing was done by appellant until on May 27, 1936, over a year after the entry of the default, she moved to vacate such default and to set aside the interlocutory decree. This motion was based upon the records and files in the case, her proposed answer, and upon her original and supplementary affidavits. The gist of these affidavits was that subsequent to the commencement of the action for divorce and before she had been served with the summons and complaint, plaintiff, her husband, told her he had commenced an action for divorce, and that if she contested the same he would quit his job and go to some other state and obtain a divorce, and that he would discontinue the support and maintenance of defendant and the children, and that she would lose her home in which she and the children were living. Upon account of these statements, she avers, she was intimidated, and for that reason alone failed to contest the divorce action, allowed her default to be entered and took no steps to have the case reopened. To these allegations plaintiff filed counter-affidavits, denying most of the charges made by defendant.

The trial court held the facts presented on the motion were not sufficient to entitle defendant to the relief sought, and from that order this appeal is brought.

■ It is the claim of appellant that the threats of respondent constituted extrinsic fraud on the court, and duress, coercion and extrinsic fraud on her. She further contends that where a judgment had been obtained through fraud the court has inherent power to set aside the judgment, and its right so to do is not derived from section 473 of the Code of Civil Procedure, and a motion to set aside may be considered if made within a reasonable time.

First, did the statement of respondent constitute extrinsic fraud? "Extrinsic fraud, which alone will warrant a court of equity in setting aside a judgment or decree, consists", as said in *Godfrey* v. *Godfrey*, 30 Cal. App. (2d) 370 [86 Pac. (2d) 357], "of such false representations as will prevent a real trial of the cause upon the merits of the issues involved, like the conduct which may induce an interested party to refrain from appearing or participating in the trial, or fail-

ure to serve timely notice of the hearing, or acts preventing the presence at the trial of material witnesses''. But in *Hendricks* v. *Hendricks,* 216 Cal. 321 [14 Pac. (2d) 83], where the husband, the defendant in a divorce suit, in attempting to persuade the wife to file an action for divorce, threatened to charge her with adultery, a court of equity refused to set aside the decree thus obtained upon the ground that where the evidence of the fraud or duress could have been presented to the court or an attorney of complainant's choosing during the pendency of the action or that a full examination of the facts could have been made, the court will not interfere, but will leave the parties where they placed themselves.

In the instant case the defendant wife, through the court and her attorney, could, if she had made an effort, have obtained all the relief she now seeks, except perhaps, the court might not have awarded payments of alimony to her in the amounts plaintiff voluntarily bound himself to pay. Under the facts here presented we cannot find extrinsic fraud.

If, however, we concede the case to be one of extrinsic fraud, the motion comes too late. A motion to vacate a judgment not void on its face, based either upon statutory grounds or in the exercise of the inherent powers of the court, must be made within a reasonable time, not exceeding the maximum time limited by statute, whether such statute is applicable either expressly or by analogy. (*Macbeth* v. *Macbeth,* 219 Cal. 47 [25 Pac. (2d) 11] ; *People* v. *Davis,* 143 Cal. 673 [77 Pac. 651] ; *Wheelock* v. *Superior Court,* 67 Cal. App. 601 [227 Pac. 931] ; *Bowman* v. *Bowman,* 97 Cal. App. 613 [275 Pac. 1023].)

Furthermore, if this motion was limited to a reasonable time, then the trial court, in the exercise of its discretion, was justified in denying relief because the motion was not timely. (14 Cal. Jur. 1062, 1063, 1065; *Reichert* v. *Benson Lumber Co.,* 139 Cal. App. 671 [34 Pac. (2d) 840] ; *Consolidated Const. Co.* v. *Pacific Elec. R. Co.,* 184 Cal. 244 [193 Pac. 238] ; *Sepulveda* v. *Apablasa,* 25 Cal. App. (2d) 390 [77 Pac. (2d) 530] ; see, also, *Hiltbrand* v. *Hiltbrand,* 218 Cal. 321 [23 Pac. (2d) 277].)

The order is affirmed.