[Civ. No. 20191.   Second Dist., Div. Three.   Oct. 21, 1954.]

HELEN RUTH ALDERMAN, Appellant, v.
EUGENE JACOBS, Respondent.

William Jerome Pollack for Appellant.

Ralph H. Winkler for Respondent.

VALLÉE, J.—Appeal by plaintiff from an order granting a motion to vacate a default and a default judgment.

The complaint for damages for an alleged assault and battery was filed and summons issued on February 5, 1953. The complaint was not verified. The complaint, summons, and a notice to take defendant's deposition were served on defendant on April 5, 1953. The notice set April 15, 1953, as the date for the taking of the deposition. On June 10, 1953, the summons was filed with the clerk together with a request by plaintiff for the entry of defendant's default. His default was entered on June 12, 1953. The matter was set for trial; and on June 18, 1953, a trial was had and judgment rendered in favor

of plaintiff and against defendant. When defendant learned of the judgment his counsel forthwith moved to set aside the default and the judgment.

The evidence and the reasonable inferences therefrom, as shown by the affidavits before the court on the hearing of the motion, will be stated in the light most favorable to defendant. On April 6, 1953, the next day after the complaint, summons, and notice to take his deposition were served on defendant, he delivered them to and consulted with his present attorney. Within four days thereafter defendant's attorney consulted with plaintiff's attorney and they agreed the depositions of both plaintiff and defendant would be taken on April 22, 1953, at 10 a. m. at the office of defendant's attorney. They also agreed that defendant's answer need not be filed until the deposition had been taken, plaintiff's attorney stating that a written stipulation would not be necessary. At 10 a. m. on April 22, 1953, defendant, his attorney, and a court reporter engaged by defendant's attorney were present in the office of defendant's attorney for the taking of the depositions. Neither plaintiff nor her attorney appeared for the taking of the depositions. About 10:30 a. m. defendant's attorney called plaintiff's attorney on the telephone and was told by the latter that plaintiff could not appear, but that he (the attorney) was willing to go to the office of defendant's attorney immediately and take the deposition of defendant. Defendant's attorney replied that he wanted to take both depositions at the same time and asked for an agreeable date. Plaintiff's attorney said he was going out of town for a considerable period of time and that he would arrange with defendant's attorney for a mutually acceptable date on his return. Defendant's attorney did not hear anything further from plaintiff's attorney.

On the failure of plaintiff and her attorney to appear for the depositions, defendant's attorney, on the same day, dictated an answer to the complaint to his secretary. The secretary typed the answer in triplicate. Defendant's attorney read and signed it. The secretary took the original and copies from his desk and filled out a signed blank check for the filing fee. In the normal course of her work she would write out instructions for the person representing the service which handled filings for the attorney and place the answer, check, and instructions in a special pickup file for him. The affidavit of the secretary states, "Apparently, there was work of a more immediate nature to do at the moment, and I set the copies of the answer aside for later handling."

On the day the answer was prepared, for sometime previously and thereafter, in addition to her regular duties, the secretary was engaged in going through about 200 closed files for the purpose of weeding out extra copies of documents and making certain that papers had not been misfiled in preparation for removing such files from the office to storage. Since learning of the judgment she checked the closed files and was unable to locate the original or the copies of the answer. They were lost. Her affidavit states, "I must have inadvertently disposed of these copies at the time I disposed of extra copies of documents contained in the files."

On June 10, 1953, plaintiff's attorney, without communicating with defendant's attorney, caused defendant's default to be entered.

■ It is trite to say that the granting or denying of a motion to relieve a party from default is a matter addressed to the sound discretion of the trial court, and that in the absence of a clear showing of an abuse of such discretion the order will not be disturbed. ■ All presumptions will be indulged in favor of the correctness of the order, and the burden is on the appellant to show that the court's discretion was abused.

■ A party or his legal representative may be relieved from a judgment taken against him through his mistake, inadvertence, surprise, or excusable neglect. (Code Civ. Proc., § 473.) ■ Inadvertence is lack of heedfulness or attentiveness, inattention, fault from negligence. ■ Excusable neglect is that neglect which might have been the act of a reasonably prudent person under the same circumstances. (*Baratti* v. *Baratti*, 109 Cal.App.2d 917, 921 [242 P.2d 22].)

■ Applying these definitions, we think it manifest that this is a clear case of inadvertence and excusable neglect. The judge not only did not abuse his discretion but he evidenced a sound discretion in conformity with the spirit of the law.

Affirmed.

Shinn, P. J., and Wood (Parker), J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied December 15, 1954.