[Civ. No. 20495. Second Dist., Div. One. Feb. 1, 1955.]

NATHAN LOWENTHAL, Appellant, v. MARY M. LOWENTHAL, Respondent.

Sylvan Y. Allen for Appellant.

No appearance for Respondent.

DRAPEAU, J.—Plaintiff, Nathan Lowenthal, brought this action for divorce. He caused his wife's default to be entered. And an interlocutory decree of divorce was entered April 10, 1953. He claimed that he was in fear of his wife; that she had threatened to "beat him to death." In the interlocutory decree she was enjoined "from harassing, molesting, or interfering with plaintiff."

But Mr. Lowenthal suffered a complete reversal of feeling. February 5, 1954, he came back into the case with a notice of motion to vacate and set aside the interlocutory decree and to dismiss.

In his affidavit in support of his motion he averred: "I have great love and affection for the defendant, and I cannot live without her." In another affidavit he claimed that he had had several acts of sexual intercourse with his wife after the interlocutory decree. Upon this averment he claimed reconciliation.

Mrs. Lowenthal filed her affidavit to the contrary. She denied Mr. Lowenthal's averment as to sexual intercourse. She said she did live in the same house in which he lived for three weeks, because she had no other place to go. And she further said that she had no use at all for him, and would never live with him again.

Mr. Lowenthal appeals from the order denying his motion.

No brief has been filed for Mrs. Lowenthal. In her affidavit she said she had to work for her living, and had no money to appear in proceedings brought to harass and annoy her.

A cursory examination of the law of divorce develops the following rules applicable to this case:

A decree of divorce valid on its face and regularly entered is subject to attack only in some manner provided by law for the modification of final judgments. (*Deyl* v. *Deyl*, 88 Cal.App.2d 536 [199 P.2d 424]; 16 Cal.Jur.2d p. 432.)

It is the time from the interlocutory decree rather than the final decree which determines the time within which relief from the former must be sought. (*Macbeth* v. *Macbeth*, 219 Cal. 47 [25 P.2d 11].)

Generally a final judgment can be nullified by the court which rendered it only: (1) on motion for a new trial; (2) by motion under section 473 of the Code of Civil Pro-

cedure; (3) by motion therefor at any time if the judgment is void on its face; or (4) by an independent suit in equity where the judgment is regular on its face but extrinsically void for want of jurisdiction or by reason of fraud or mistake. (16 Cal.Jur.2d 224.)

Mr. Lowenthal's motion finds no support either in reason or authority. There is no legal ground whatever upon which it could have been granted. Indeed it would have been an abuse of discretion to have granted it.

The order is affirmed.

White, P. J., and Doran, J., concurred.