[Civ. No. 23533. Second Dist., Div. Three. Aug. 6, 1959.]

E. E. HEATHMAN, as Special Administrator, etc., Respondent, v. WALTER VANT, Appellant.

Sidney Traxler for Appellant.

Robert E. Rosskopf for Respondent.

VALLÉE, J.—Appeal from an order denying defendant's motion to set aside and annul interlocutory and final decrees of divorce.

On June 4, 1953, Evelyn Vant filed this action for divorce against defendant. She alleged that for more than one year last past and immediately preceding the commencement of the action she had resided in the County of Los Angeles, State of California. An order was made for publication of summons. The order stated that defendant resided in Pittsburgh, Pennsylvania. Copies of the complaint and summons were personally served on defendant in Pittsburgh on June 17, 1953.

On July 15, 1953, a Pennsylvania attorney filed in the action what he denominated ''Appearance de bene esse for the purpose of calling attention of this honorable court to a fraud of record.'' In this document the attorney stated he ''asks leave to appear specially on behalf of Walter Vant, defendant in the within proceedings, for the purpose of bringing to the attention of the Court a patent fraud perpetrated in the filing of the Complaint in the within proceedings, and without submitting to the jurisdiction of this honorable court for any other purpose avers as follows: . . . On or about the 27th day of January, 1953, plaintiff herein instituted divorce proceedings in the Court of Common Pleas of Allegheny County, Pennsylvania, at No. 1135 April Term, 1953, and therein averred as follows: 'Plaintiff has resided in the Commonwealth of Pennsylvania thirty-three (33) years immediately previous to the filing of this Complaint,' and therein sets out that her legal residence is 401 Morewood Avenue, Pittsburgh, Pennsylvania.''

On November 3, 1953, Evelyn filed an affidavit in this action in which she stated: ''That she has resided in Los Angeles County, California for about Four (4) years; that she has not been in Pittsburgh, Pennsylvania for about Seven (7) years. That divorce complaint was filed in her behalf in 1135 April, 1953 Term in the Court of Common Pleas of Allegheny County, in Pittsburgh, Pennsylvania, under the erroneous impression that Plaintiff herein was a resident of Pittsburgh, Pennsylvania, because she had previously been in said City and State, and said place had been the residence of her family for many years. That said action was discon-

tinued May 8, 1953, on the ground that Plaintiff's legal residence was in California and not Pennsylvania." On November 6, 1953, the court made a formal written order entering the default of defendant.

Defendant has succeeded in filing, in connection with this appeal, a reporter's transcript showing the evidence taken by the trial court at the default hearing held on November 30, 1953. It appears that Evelyn testified: "Q. Mrs. Vant, how long have you lived in California? A. Approximately four years. Q. When did you leave Pittsburg[h]? A. About six years ago." A corroborating witness testified: "Q. Mrs. Quentmeyer, how long of your own knowledge do you know that Mrs. Vant has lived here in the County of Los Angeles? A. Four years." An interlocutory decree was entered on December 1, 1953, and a final decree was entered on December 16, 1954.

Evelyn died on October 15, 1957. On April 16, 1958, defendant filed a motion to set aside and annul the interlocutory and final decrees. The motion was made on the grounds the court had no jurisdiction to entertain the action in that Evelyn had not "at the time of the filing of her complaint been a resident of the State of California for one year, nor had she been a resident in the County of Los Angeles for three months"; that she fraudulently misrepresented to the court facts pertaining to her residence; and that, after entering an appearance by an attorney for the purpose of contesting jurisdiction, defendant "did not receive notice of proceedings in this action subsequent to the entry of said appearance, and specifically did not receive notice that the matter had been set for hearing as a default, that a default had been granted, and that Interlocutory and Final Decrees of Divorce had been granted and entered." E. E. Heathman, special administrator of the estate of Evelyn, was substituted as party plaintiff in her stead. The motion was denied. Defendant appeals.

The specifications of error are: (1) Evelyn had not been a resident of the State of California and of the County of Los Angeles for the required period of time at the time the complaint was filed, and the evidence on residence submitted at the trial of the action was insufficient as a matter of law; (2) notwithstanding the appearance of defendant through an attorney, his default was entered and evidence and proceedings were had against him without further notice to him or to his attorney; (3) Evelyn perpetrated an extrinsic fraud on the

court by wilfully misrepresenting her California residence. None of the specifications of error is well taken.

The argument with respect to the first specification of error is that neither the fact of residence nor the intent was proven by the testimony of Evelyn or the corroborating witness. Defendant relies on sections 128 and 130 of the Civil Code.[1] The evidence at the default hearing with respect to residence may not be considered on this appeal.

"On an appeal from the judgment rendered on default a review of the sufficiency of the evidence is not available. . . . Nor is this rule affected by the fact that appellant has succeeded in filing in connection with this appeal a reporter's transcript showing the evidence taken by the trial court at the default hearing. In *Crackel* v. *Crackel,* 17 Cal.App. 600, 601-602 [121 P. 295] (hearing denied by Supreme Court), the court said: 'The defendant urges four grounds upon which she seeks a reversal of the judgment, all of which depend upon and require an examination of the evidence taken at the hearing of the case. This, however, being an appeal from the judgment in a default case, and therefore no issue of fact having been raised by the pleadings, the defendant was not entitled to have the testimony incorporated in the transcript . . .; and the mere fact that the evidence is inserted in the record here does not warrant the court in reviewing or considering it for any purpose. [Citations.]' But appellant argues that in divorce actions the appellate court can review the evidence taken for the reason that section 130 of the Civil Code provides that 'No divorce can be granted . . . upon the uncorroborated statement' of the parties and appellant then argues that the record as presented by him here discloses that there was no sufficient corroboration and that, therefore, the court lacked jurisdiction to enter the decree appealed from. The contention is answered by *Crackel* v. *Crackel, supra* [17 Cal.App. 600], pp. 602-603, as follows:

" 'The defendant concedes that, as a general rule, these propositions are true, but she contends on the other hand, that, as section 130 of the Civil Code provides that the court shall, in defaults in divorce causes, require proof of the facts alleged

---

[1]Section 128: "A divorce must not be granted unless the plaintiff has been a resident of the state one year, and of the county in which the action is brought three months, next preceding the commencement of the action; . . ."

Section 130: "No divorce can be granted upon the default of the defendant or upon the uncorroborated statement, admission, or testimony of the parties. . . ."

before granting the relief, the law thereby raises an issue of fact, and consequently provides for a trial. But the contrary of this was expressly held in the case of *Foley* v. *Foley*, 120 Cal. 33, 37 [52 P. 122, 65 Am.St.Rep. 147].' '' (*Lukasik* v. *Lukasik*, 108 Cal.App.2d 609, 613-614 [239 P.2d 497].)

The argument with respect to the second specification of error is that the court was without jurisdiction to enter the decrees because no notice of any of the proceedings, other than the service of summons and complaint, was given to defendant.

It will be noted that the motion was directed only to the interlocutory and final decrees of divorce and not to the default previously entered on November 6, 1953. ■ "A judgment may be attacked in four ways: (1) by motion for new trial; (2) by appeal; (3) by motion for relief pursuant to Code of Civil Procedure § 473; and (4) by independent suit in equity. In addition, the court has inherent power to protect the sanctity of its judgments against extrinsic fraud, or to set aside a judgment that is void on its face." (29 Cal.Jur.2d 24, § 112.) The rule applies to interlocutory and final judgments of divorce. (*Suttman* v. *Superior Court*, 174 Cal. 243, 244 [162 P. 1032]; *Bancroft* v. *Bancroft*, 178 Cal. 367, 368 [173 P. 585]; *Borg* v. *Borg*, 25 Cal.App.2d 25, 29 [76 P.2d 218]; *Estate of Hughes*, 80 Cal.App.2d 550, 555 [182 P.2d 253]; *Deyl* v. *Deyl*, 88 Cal.App.2d 536, 539 [199 P.2d 424].)

Section 1014 of the Code of Civil Procedure provides: "A defendant appears in an action when he answers, demurs, files a notice of motion to strike, or gives the plaintiff written notice of his appearance, or when an attorney gives notice of appearance for him. After appearance, a defendant or his attorney is entitled to notice of all subsequent proceedings of which notice is required to be given. . . ."

Section 1010 of the Code of Civil Procedure provides: "No bill of exceptions, notice of appeal, or other notice or paper, other than amendments to the pleadings, or an amended pleading, need be served upon any party whose default has been duly entered. . . ."

Section 585 of the Code of Civil Procedure provides: "Judgment may be had, if the defendant fails to answer the complaint, as follows: . . .

"3. In all actions where the service of the summons was by publication the plaintiff, upon the expiration of the time for answering, may, upon proof of the publication, and that no answer or demurrer or notice of motion to strike (of the

character hereinafter specified) or notice of motion to quash service of summons pursuant to Section 416.1 of this code or notice of the filing of a petition for writ of mandate as provided in Section 416.3 of this code has been filed, apply for judgment; . . ."

The court obtained jurisdiction over defendant by the publication and the personal service of the summons upon him. The filing of the document denominated "Appearance de bene esse for the purpose of calling attention of this honorable court to a fraud of record" was merely the equivalent of the service of summons on defendant which already had been effected. In legal effect it constituted a waiver of notice of further proceedings in the action unless a demurrer or answer was filed. The document did not deny that Evelyn was a resident of California and did not controvert any fact alleged in the complaint. The only fact stated was that in January 1953 Evelyn filed a complaint for divorce in Pennsylvania in which she alleged domicile in Pennsylvania. The document did not ask for any relief and did not constitute a demurrer or an answer. It expressly stated it was filed solely for the purpose of bringing to the attention of the court "a patent fraud" and that defendant was not submitting to the jurisdiction of the court. The written notice of appearance provided for in section 1014 is a. document drawn up especially for that purpose. (*Davenport* v. *Superior Court*, 183 Cal. 506, 509 [191 P. 911].) The summons directed defendant to appear *and* answer the complaint within 30 days after it was served upon him; and told him that if he did not Evelyn would apply to the court for the relief demanded in the complaint. (Code Civ. Proc., § 407.) When defendant failed to demur or answer, the court properly entered his default. After the service of summons on defendant he was not entitled to notice that his default would be entered. After the entry of his default, notice of subsequent proceedings was not required to be given. (Code Civ. Proc., §§ 585, 1010.)

Where the defendant in an action for divorce is personally served and defaults, the default admits all the allegations of the complaint, and he is estopped from thereafter challenging them. (*Christiana* v. *Rose*, 100 Cal.App.2d 46, 50 [222 P.2d 891].)

The motion was made more than four years after defendant's default was entered. Under section 473, Code of Civil Procedure, an application to be relieved from a judgment, order or other proceeding taken against a party

"through his mistake, inadvertence, surprise or excusable neglect," must be made within "six months, after such judgment, order or proceeding was taken."

■ "A defendant against whom a default has been regularly entered is out of court and is not entitled to take any further steps in the cause affecting the plaintiff's right of action. He may not thereafter, until and unless the default is set aside, file pleadings, move for a new trial, or demand notice of subsequent proceedings." (28 Cal.Jur.2d 644, § 24; *Taintor* v. *Superior Court*, 95 Cal.App.2d 346, 350-351 [213 P.2d 42].)

■ "It is the general rule that where a judgment has been entered after the default of a party has been taken the six-month period runs from the date of the default and not from the date of the judgment. . . .

■ " 'A default cuts off the defendant from making any further opposition or objection to the relief which plaintiff's complaint shows he is entitled to demand.' . . .

■ "It was the trial judge's theory that because of the language of section 130, Civil Code—'No divorce can be granted upon the default of the defendant . . .' —this general rule does not apply in divorce actions, and the time within which to apply for relief runs from the date of the interlocutory decree of divorce and not from the date of the default. The cases do not support this theory. The effect of section 130, Civil Code, is not to give the defendant in a divorce action any greater rights after his default than in any other action. ■ 'The provision of the Civil Code merely declares the policy of the law to be that in divorce cases, whether the defendant suffer default or not, the relief shall not be granted until the facts upon which it is sought are established by proof.' (*Foley* v. *Foley*, 120 Cal. 33, 37 [52 P. 122, 65 Am.St. Rep. 147].) But the proceeding, after defendant's default, is no longer an adversary proceeding in the sense that defendant has the right to plead or otherwise appear therein in opposition to plaintiff. [Citations.] ■ It would seem to follow that the effect of defendant's default in a divorce action is to foreclose defendant from the right of contest as in other actions; that the default must be set aside to afford defendant any effective relief; and that for that reason the time to move for relief runs from the date of the default and not from the date of the interlocutory decree. This was apparently the view of the Supreme Court in *Bowman* v. *Bowman*, 29 Cal.2d 808, the court saying at page 813 [178 P.2d 751, 170 A.L.R. 246]:

" 'The trial court could not relieve defendant from the entry of the default because the motion under section 473 was not made within six months after the entry of default.' " (*Holsinger* v. *Holsinger*, 95 Cal.App.2d 835, 836 [214 P.2d 412] ; *Lowenthal* v. *Lowenthal*, 130 Cal.App.2d 527-528 [279 P.2d 119].)

The third specification of error is that Evelyn perpetrated an extrinsic fraud on the court by wilfully misrepresenting her California residence. The argument is that the interlocutory decree was obtained by perjury, false evidence, and concealment of other evidence.

Independently of section 473, Code of Civil Procedure, the court has inherent power, on motion seasonably made, to set aside a judgment on the ground of fraud, and the same may be exercised after the lapse of the statutory time which limits the entertaining of applications based upon section 473. But in such cases the fraud must be extrinsic, the limitations in this respect being the same as those imposed on the granting of equitable relief to set aside a judgment. (*Mc-Guinness* v. *Superior Court*, 196 Cal. 222 [237 P. 42, 40 A.L.R. 1110] ; *Boust* v. *Boust*, 205 Cal. 186, 187 [270 P. 209] ; *Thompson* v. *Thompson*, 38 Cal.App.2d 377, 380 [101 P.2d 160] ; *McKeever* v. *Superior Court*, 85 Cal.App. 381, 384 [259 P. 373] ; *Tomb* v. *Tomb*, 120 Cal.App. 438, 441 [7 P.2d 1104] ; *Kronman* v. *Kronman*, 129 Cal.App. 10, 13 [18 P.2d 712].)

In *Godfrey* v. *Godfrey*, 30 Cal.App.2d 370 [86 P.2d 357], where the evidence was held not to show the existence of extrinsic fraud which would justify a court of equity in setting aside the decree, the court said (p. 379) : ''When the alleged fraud or coercion is of such nature that it may reasonably be presented to the court at the trial so as to afford full and fair protection to the rights of the interested parties and they fail or neglect to avail themselves of that opportunity, a court of equity will not disturb the judgment rendered under such circumstances, but will leave the parties in the position in which they placed themselves.'' Also see *Hendricks* v. *Hendricks*, 216 Cal. 321 [14 P.2d 83] ; *Estate of Bell*, 153 Cal. 331 [95 P. 372] ; *Short* v. *Short*, 106 Cal.App. 210 [288 P. 1111] ; 25 Cal.L.Rev. 79.)

It is settled in this state that a judgment will not be set aside because it is based upon perjured testimony or because material evidence is concealed or suppressed, that such fraud both as to the court and the party against whom judgment is rendered is not fraud extrinsic to the record for which

relief may be had. (*Burch* v. *Hibernia Bank*, 146 Cal.App.2d 422, 432 [304 P.2d 212].) The rule is the same whether the judgment sought to be set aside is a default judgment or rendered after answer and contested trial. (*Horton* v. *Horton*, 18 Cal.2d 579, 585 [116 P.2d 605]; *Westphal* v. *Westphal*, 20 Cal.2d 393, 397 [126 P.2d 105]; *Harvey* v. *Griffiths*, 133 Cal. App. 17, 22-23 [23 P.2d 532].) The court in *Kelsey* v. *Miller*, 203 Cal. 61 [263 P. 200], specifically held (p. 88) that "Any fraud committed as to the issue of residence was intrinsic and not extrinsic." ■ If there was fraud it was intrinsic, not extrinsic. (See *In re Griffith*, 84 Cal. 107, 112-113 [23 P. 528, 24 P. 381]; *McLaughlin* v. *Security-First Nat. Bank*, 20 Cal. App.2d 602, 606 [67 P.2d 726].)

As an additional reason why the order should be affirmed, plaintiff asserts the motion was not made within a reasonable time and that defendant was guilty of laches. The interlocutory decree was entered December 1, 1953, and the final decree was entered December 16, 1954. Evelyn died on October 15, 1957. The motion was filed April 16, 1958. Defendant had full opportunity to come in and contest the action. There was no inhibition against his personal presence in the action. He had knowledge of its pendency. He had the benefit of independent legal advice. He had a lawyer who made the so-called appearance for him. He was not kept in ignorance of the proceedings, as he now asserts. So far as appears, he had sufficient funds to enable him to travel. Instead of acting with diligence, he waited nearly five years after he had been divorced and until Evelyn had died before becoming conscious he had been defrauded.

■ A motion to set aside and annul a judgment on the ground of fraud can only be made within a reasonable time. (*McKeever* v. *Superior Court*, 85 Cal.App. 381, 384 [259 P. 373]; *Thompson* v. *Thompson*, 38 Cal.App.2d 377, 380 [101 P.2d 160]; *Cowan* v. *Cowan*, 72 Cal.App.2d 868, 871 [166 P.2d 21].) ■ It is trite to say that whether a motion to set aside a judgment should be granted or denied on the ground of laches is a matter addressed to the sound discretion of the trial court, and that in the absence of a clear showing of an abuse of such discretion the order will not be disturbed. (*Alderman* v. *Jacobs*, 128 Cal.App.2d 273, 276 [274 P.2d 930].) ■ All presumptions will be indulged in favor of the correctness of the order, and the burden is on the appellant to show that the court's discretion was abused. (*Lukasik* v.

*Lukasik,* 108 Cal.App.2d 609, 611 [239 P.2d 497].) No abuse of discretion is shown at bar. We must assume that one of the grounds on which the court denied the motion was that defendant was guilty of laches and it cannot be said that it abused its discretion in the ruling. (*Beckett* v. *Kaynar Mfg. Co., Inc.,* 49 Cal.2d 695, 700 [321 P.2d 749]; *Davis* v. *Schneider,* 91 Cal.App. 631, 635-636 [267 P. 352]; *Smith* v. *Sheffey,* 113 Cal.App.2d 741, 744 [248 P.2d 959].) "The law helps the vigilant, before those who sleep on their rights." (Civ. Code, § 3527.)

Affirmed.

Shinn, P. J., and Wood (Parker), J., concurred.