Filed 10/28/20  Scales v. Bradley CA4/1
### NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## COURT OF APPEAL, FOURTH APPELLATE DISTRICT

## DIVISION ONE

## STATE OF CALIFORNIA

| | |
|---|---|
| ROOSEVELT J. SCALES et al., | D075800 |
| Plaintiffs and Appellants, | |
| v. | (Super. Ct. No. 37-2017-00046304- CU-OR-CTL ) |
| LAWRENCE BRADLEY, | |
| Defendant and Respondent. | |

APPEAL from a judgment of the Superior Court of San Diego County, Richard E. L. Strauss, Judge.  Affirmed.

David Kay for Plaintiffs and Appellants.

Gupta Evans and Associates, Ajay Gupta and Christopher S. Evans, for Defendant and Respondent.

Roosevelt Scales and Joyce Otis (Scales and Otis together Appellants) appeal an order granting Lawrence Bradley's motion to vacate and set aside judgment.  We affirm.

### FACTUAL AND PROCEDURAL BACKGROUND

Appellants and Bradley purchased a residence located at 5358 Lenox Drive in San Diego, California on March 28, 1978.  The grant deed specified a

one-third co-tenant ownership for each person. After Scales and Otis divorced, a grant deed was recorded on August 6, 1998 to specify that Scales, Otis, and Bradley each owned an undivided one-third interest in the property. Bradley lived at the property after it was purchased while Appellants never resided there.

On December 4, 2017, Appellants brought a partition action to force a sale of the property. Bradley signed a notice and acknowledgement of receipt concerning the summons and complaint on December 28, 2017. The notice of acknowledgment of receipt was filed on January 3, 2018.

In connection with the filing of the partition action, Appellants' attorney served and filed a notice of pendency of action. Bradley signed a mail receipt after he received the notice of pendency of action on December 12, 2017. The receipt was returned to Appellants' attorney.

Bradley did not timely file an answer to the complaint in the partition action. Accordingly, on March 8, 2018, two months after service of the summons and complaint, Appellants filed a request to enter a default, and a default was entered. Bradley was sent the notice of default by mail.

Some seven months later, on October 3, 2018, the superior court entered an interlocutory judgment of partition, direction that the house be sold. The court appointed a real estate broker to sell the house.

The broker met with Bradley, his daughter, and his son-in-law at the house on October 18, 2018. On the broker's request, Bradley signed a residential listing agreement, authorizing the broker to sell the house. Bradley also signed a disclosure regarding the real estate agency relationship.

According to Bradley, he first became aware of the partition action sometime after meeting the broker on October 18, 2018. Subsequently, he

retained an attorney who filed a motion to vacate and set aside judgment on December 19, 2018. In that motion, Bradley requested relief under Code of Civil Procedure[1] section 473, subdivision (b) on the basis of inadvertence and excusable neglect. To this end, Bradley explained that his "worsening physical well-being at the time of the service of the Summons and subsequent default . . . physically prevented [Bradley] from reading and understanding the documents." Specifically, Bradley asserted that, during the relevant time period, he was battling "Follicular Lymphoma Grade 3A cancer," losing his eyesight, and struggling to understand the various documents sent to him relating to the partition action. Bradley also claimed that he paid off multiple loans obtained by Scales and secured by the property. Additionally, Bradley maintained that Appellants had not contributed financially to the property since they purchased it in 1978.

In opposing Bradley's motion, Appellants argued that Bradley could not seek relief under section 473, subdivision (b) because the motion was filed more than six months after the entry of default. In the alternative, Appellants claimed that Bradley did not act with diligence in seeking relief after discovery of the partition action and default in any event. Finally, Appellants argued that Bradley's excuse for not responding to the partition action earlier was not believable.

In reply, Bradley contended the court could still grant him relief after more than six months from the entry of default on equitable grounds.

Apparently, the superior court entertained oral argument on Bradley's motion, but there is no transcript of the hearing. Ultimately, the court

---

[1]     Statutory references are to the Code of Civil Procedure unless otherwise specified.

3

granted Bradley's motion and vacated the default and default judgment.  In doing so, the court explained:

> "A judgment may be set aside if it has been established that extrinsic factors have prevented one party to the litigation from presenting his or her case.  'The grounds for such equitable relief are commonly stated as being extrinsic fraud or mistake.  However, those terms are given a broad meaning and tend to encompass almost any set of extrinsic circumstances which deprive a party of a fair adversary hearing.'  (*In re Marriage of Park* (1980) 27 Cal.3d 337, 347.)  The court may set aside a judgment on the ground of extrinsic fraud even after the time limits of CCP § 473 have passed.  (*Heathman v. Vant* (1959) 172 Cal.App.2d 639, 648.)  Here, the facts presented support vacating the default and default judgment."

Appellants timely appealed.

## DISCUSSION

We began our analysis of the issues before us in a somewhat unorthodox matter.  Here, Bradley filed a short respondent's brief consisting of about four pages of argument.  He did not provide any authority to support his contention that the superior court did not abuse its discretion in granting his motion below.  He explains that he was unable to submit "a comprehensive brief . . . at this time" because of his "lack of resources."

Appellants interpret Bradley's brief as a "request that Court of Appeal perform the task of representing [Bradley] on appeal."  We do not share Appellants' reading of the respondent's brief.  Bradley's brief is not particularly helpful to this court, but that brief's short comings do not alter how we approach the instant matter.

On appeal, the order of the trial court is presumed to be correct. (*Denham v. Superior Court* (1970) 2 Cal.3d 557, 564.)  Accordingly, if the order is correct on any theory, the appellate court will affirm it regardless of

4

the trial court's reasoning.  (*Estate of Beard* (1999) 71 Cal.App.4th 753, 776-777; *D'Amico v. Board of Medical Examiners* (1974) 11 Cal.3d 1, 18-19.)  All intendments and presumptions are made to support the order on matters as to which the record is silent.  (*Denham*, at p. 564.)  And an appellant has the burden to provide an adequate record and affirmatively show reversible error.  (*Ballard v. Uribe* (1986) 41 Cal.3d 564, 574.)

Here, Appellants have provided a lengthy brief, replete with caselaw they contend explains why the superior court erred below.  However, absent in Appellants' opening brief is any discussion of the standard of review we are to apply in this matter.  The standard of review is the lens through which we must consider the record.  Without reference to the applicable standard of review and an explanation how the court erred in consideration of that standard, Appellants' discussion of numerous cases does not necessarily advance their argument.

In the instant matter, it is not disputed that Bradley moved for relief from default and default judgment outside the applicable six month window set forth in section 473.  As such, the superior court used its equitable powers to grant Bradley his requested relief.  (See *Rappleyea v. Campbell* (1994) 8 Cal.4th 975, 980-981 (*Rappleyea*); *Department of Industrial Relations v. Davis Moreno Construction, Inc.* (2011) 193 Cal.App.4th 560, 570.)  We review the superior court's exercise of its equitable power to set aside a default judgment for an abuse of discretion.  (*Rappleyea*, at p. 978; *Cruz v. Fagor America, Inc.* (2007) 146 Cal.App.4th 488, 503.)  Under this deferential standard of review, we must determine whether the trial court, applying the relevant legal principles, reached a ruling that is " 'so irrational or arbitrary that no reasonable person could agree with it.' "  (*Sargon Enterprises, Inc. v. University of Southern California* (2012) 55 Cal.4th 747, 773.)  A superior

5

court's ruling will be affirmed on appeal "unless it falls outside the bounds of reason." (*People v. DeSantis* (1992) 2 Cal.4th 1198, 1226; see *Shamblin v. Brattain* (1988) 44 Cal.3d 474, 478 ["The appropriate test for abuse of discretion is whether the trial court exceeded the bounds of reason."].) We draw all reasonable inferences from the evidence and review the record in the light most favorable to the court's determinations, and we may not substitute our decision for that of the superior court. (*Id.* at pp. 478-479.) We also defer to the court's findings supported by substantial evidence. (*Nellie Gail Ranch Owners Assn. v. McMullin* (2016) 4 Cal.App.5th 982, 1006 ["The abuse of discretion standard includes a substantial evidence component: 'We defer to the trial court's factual findings so long as they are supported by substantial evidence, and determine whether, under those facts, the court abused its discretion.' "].)

Extrinsic mistake is "a term broadly applied when circumstances extrinsic to the litigation have unfairly cost a party a hearing on the merits." (*Rappleyea*, *supra*, 8 Cal.4th at p. 981.) "Extrinsic mistake is found when . . . a mistake led a court to do what it never intended." (*Kulchar v. Kulchar* (1969) 1 Cal.3d 467, 471-472.) For instance, extrinsic mistake occurs when a defendant has "a satisfactory excuse for failing to timely answer" a complaint. (*Rappleyea*, at p. 982.) Similarly, " '[e]xtrinsic fraud usually arises when a party is denied a fair adversary hearing because he has been "deliberately kept in ignorance of the action or proceeding, or in some other way fraudulently prevented from presenting his claim or defense." ' " (*Bae v. T.D. Service Co. of Arizona* (2016) 245 Cal.App.4th 89, 97.) "[T]he party seeking equitable relief on the grounds of extrinsic fraud or mistake must show three elements: (1) a meritorious defense; (2) a satisfactory excuse for not presenting a defense in the first place; and (3) diligence in seeking to set

6

aside the default judgment once discovered." (*Rodriguez v. Cho* (2015) 236 Cal.App.4th 742, 750.) "When a default *judgment* has been obtained, equitable relief may be given only in exceptional circumstances." (*Rappleyea*, at p. 981.)

Considering the first prong of this test, a defendant against whom a default judgment is entered usually shows it has a meritorious case by submitting a proposed verified answer. (*Rappleyea, supra*, 8 Cal.4th at p. 983; *Beard v. Beard* (1940) 16 Cal.2d 645, 648.) Here, along with his motion to vacate the default and default judgment, Bradley filed a proposed verified answer to the complaint in the partition action. The verified answer denied, admitted, and otherwise responded to the allegations of the operative complaint. It also included 24 affirmative defenses. Consequently, we agree with the superior court's implicit finding that Bradley showed he had a meritorious case against Appellants.[2]

We also determine that Bradley met his burden of showing that he had a satisfactory excuse for not defending this case. Bradley offered a self-declaration wherein he explained his many physical ailments (cancer, declining eyesight, advanced age) caused him to be unable to understand the gravity of the partition action and the documents he received relating to that suit. Additionally, Bradley explained that he had lived at the property for 40 years, maintained the property (including making $50,000 of improvements) without significant contribution from Appellants since 1978, paid all taxes and insurance associated with the property while he lived there, and paid off

---

[2]    Also, we observe that Bradley filed a proposed cross-complaint against Appellants. In that cross-complaint, Bradley alleges that he owns the house exclusively based upon action he took since the house's purchase in 1978. The allegations in the cross-compliant, if proven true, underscore that Bradley has a meritorious case against Appellants.

7

several loans borrowed by Scales secured by the property. With this foundation in mind, Bradley declared that he "did not comprehend that a lawsuit had been filed against me or grasp that my home of forty years could be forcibly sold. Consequently, [he] did not know what procedural next steps [he] was required to take, and, and with [his] focus and attention on [his] cancer treatment and overall mental state deteriorated, [he] did not have the wherewithal to even know further action on his party was necessary." Reflecting on this evidence presented to the superior court, we determine that substantial evidence supports the superior court's implicit finding that Bradley had a satisfactory excuse for not defending the suit in the first place.

Finally, Bradley acted diligently in moving to set aside the default and default judgment. According to Bradley, he discovered that his house "was being forcibly sold" when he met with the broker on October 18, 2018. After learning that the property would be sold, Bradley contacted his cousin, who found the partition action on the register of actions and discovered that judgment had been entered against Bradley with the result that Bradley's home was to be sold. Thus, Bradley maintains that it was not until late October 2018 that he found out about the partition action and the related judgment. Bradley soon thereafter retained counsel. On November 12, 2018, his counsel contacted Appellants' counsel to ascertain if Appellants would stipulate to vacate the judgment. Appellants declined. Then, two days later, Bradley's counsel reserved a hearing date for a motion to vacate the default and default judgment. Bradley filed his motion December 19, 2018. Included with the motion was a proposed verified answer and cross-complaint. As such, substantial evidence supports the superior court's implied finding that Bradley acted diligently to vacate the default and default judgment. (See *Lee v. An* (2008) 168 Cal.App.4th 558, 566 [no diligence when defendant

8

waited over two years to move to vacate default judgment]; *Stiles v. Wallis* (1983) 147 Cal.App.3d 1143, 1150 [no diligence when defendant waited 20 months to move to vacate default judgment]; *Mechling v. Asbestos Defendants* (2018) 29 Cal.App.5th 1241, 1248 [diligence shown where defendant moved to vacate default judgments five months after retaining counsel to do so].)

In short, on the record before us, Appellants have not met their burden for reversal under the "highly deferential" abuse of discretion yardstick. (*Nichols v. City of Taft* (2007) 155 Cal.App.4th 1233, 1239.)

## DISPOSITION

The order is affirmed.  Bradley is awarded his costs on appeal.


HUFFMAN, Acting P. J.

WE CONCUR:


HALLER, J.


DATO, J.