[Civ. No. 3281. First Appellate District, Division Two.—June 24, 1920.]

## E. A. BRIDGFORD, Respondent, v. WILLIAM G. McADOO, Director-General of Railroads, Appellant.

[1] TRUSTS—ASSIGNMENT OF MONEY DUE UNDER CONTRACT—RECEIPT AND RETENTION BY ANOTHER—KNOWLEDGE OF ASSIGNMENT—INVOLUNTARY TRUSTEE.—A person who, with full knowledge of the title and claim of another as assignee of the money due under a certain contract, wrongfully secures the money and wrongfully detains possession thereof, is an involuntary trustee of the money, under section 2223 of the Civil Code, for the benefit of such assignee, and the latter is entitled to recover the same from such trustee, irrespective of the willingness of his assignor to recompense him for the loss and without demand upon such assignor for that purpose.

[2] ASSIGNMENTS — RIGHTS OF ASSIGNEE — PAYMENT OF MONEY TO PRIOR CREDITOR.—A person, having assigned to another the money due under a certain contract, cannot thereafter satisfy an indebtedness to another which accrued prior to the assignment out of the moneys which he had thus assigned.

[3] TRUSTS — ACTION AGAINST INVOLUNTARY TRUSTEE — RECEIPT OF MONEY—EVIDENCE—FINDINGS.—In this action against the director-general of railroads to recover certain moneys due under a contract which had been assigned to plaintiff, but which defendant had wrongfully secured, the evidence was sufficient to support the conclusion of the trial court that the allegations of defendant's answer denying the delivery to him of the check covering the money due under such contract and denying that the check or its proceeds were ever received by him or his officers or agents or retained by them, were not true.

APPEAL from a judgment of the Superior Court of Alameda County. Stanley A. Smith, Judge. Affirmed.

The facts are stated in the opinion of the court.

Stanley Moore for Appellant.

E. A. Bridgford, in pro. per., and Herrington & Clausen for Respondent.

NOURSE, J.—Defendant, as director-general of railroads, appeals from a judgment rendered against him and in favor of plaintiff for $1,078.32, the proceeds of a check belonging

48 Cal. App.—20

to plaintiff and issued by the paymaster of the quarter-master's department of the war department. The facts of the case found to be true by the trial court are: On September 18, 1917, one Lawrence entered into a contract with the United States, acting through its war department, for the delivery of 2,500 cords of wood to the department at Camp Fremont, in San Mateo County. On January 16, 1918, Lawrence entered into a contract with respondent whereby respondent agreed to advance money to Lawrence from time to time to assist him in the performance of his contract with the government, and Lawrence assigned to respondent all moneys, vouchers, and checks issued under said contract and authorized respondent to collect and receive the same. Subsequent to said assignment Lawrence delivered at Camp Fremont wood of the agreed price of more than $2,200 and fully prepaid all freight thereon with moneys advanced to him by respondent for that purpose, and there is still due and owing to respondent from Lawrence on account of said advances a sum in excess of $2,200. On the second day of August, 1918, an officer of the North-western Pacific Railroad Company (then operating under the appellant as director-general of railroads), with full knowl-edge of respondent's right and claim to the money due under said contract, accompanied Lawrence to the office of the paymaster of the War Department, and, over the pro-tests of respondent, aided Lawrence in procuring from the paymaster a check for $1,078.32, a portion of the amount due under said contract, and at the same time received the check from Lawrence, which was then delivered to appel-lant, who ever since has retained the check or its proceeds in his said capacity as director-general of railroads.

[1] The only point raised by appellant is that it does not appear but that Lawrence was at all times willing to repay respondent all the money advanced to him and that it does not appear that respondent ever made demand there-for upon Lawrence. Neither fact is essential to recovery in this action. The check and its proceeds were the prop-erty of respondent by reason of the assignment. The ap-pellant and his agents, with full knowledge of the title and claim of respondent, having wrongfully secured the check, wrongfully detained possession thereof. The appellant thereby became an involuntary trustee under section 2223

of the Civil Code, which provides: "One who wrongfully detains a thing is an involuntary trustee thereof, for the benefit of the owner." Respondent was entitled to recover his own property from the trustee who thus wrongfully held it for his benefit, irrespective of the willingness of Lawrence to recompense him for the loss and without demand upon Lawrence for that purpose.

[2] It cannot be ascertained from the record what, if any, claim appellant had against Lawrence. None is set up in the pleadings, the answer consisting entirely of denials of the allegations of the complaint. From the briefs it would appear that the claim is for freight charges of some nature. But as the trial court found that all freight on wood delivered by Lawrence to Camp Fremont pursuant to the contract and subsequent to the assignment was fully paid by moneys advanced for that purpose by respondent and that the same had not been repaid to respondent, it is apparent that if appellant had any claim against Lawrence for freight charges it must have accrued prior to the assignment. Such being the case, Lawrence could not satisfy this indebtedness out of moneys which he had previously assigned to respondent.

[3] Furthermore, the answer filed by appellant consists solely of denials of the allegations of the complaint, including a denial of the delivery of the check to appellant as above outlined, and a denial that the check or its proceeds were ever received by appellant or his officers or agents or retained by them. The evidence offered at the trial, including the admissions of an agent of appellant who was a witness in his behalf, amply supports the conclusion of the trial court that these allegations of the answer were not true. From the record it is apparent that the check and its proceeds are the property of respondent and that appellant is wrongfully withholding the same without any claim or title.

The appeal from the judgment is frivolous and was palpably taken either to delay or harass the respondent, but no penalty is imposed because it is apparent that the appellant is not the party responsible for the delay. The judgment is affirmed.

Brittain, J., and Langdon, P. J., concurred.