[Civ. No. 8659. First Appellate District, Division Two.—February 16, 1933.]

GEORGE L. CRENSHAW, Administrator, etc., Respondent, v. ROY C. SEELEY COMPANY (a Corporation) et al., Defendants; ROY C. SEELEY, Appellant.

628

Chapman & Chapman, Haight & Trippet and Oscar A. Trippet for Appellant.

Hill, Morgan & Bledsoe for Respondent.

SPENCE, J.—Plaintiff, as administrator of the estate of L. O. Crenshaw, deceased, sought an accounting of profits alleged to have been realized through the sale of the property held in trust for the deceased. From a judgment in favor of plaintiff and against the defendant Roy C. Seeley in the sum of $7,745, said defendant appeals.

The declaration of trust executed on February 19, 1924, reads as follows:

"Know All Men by These Presents: That Roy C. Seeley Co., a corporation organized and existing under and by virtue of the laws of the State of California, with its principal place of business in Los Angeles, California, does hereby admit, certify and declare that there has been conveyed to it the following described property, situate in the County of Los Angeles, State of California, to wit:

"The Southwest one-quarter of the Southeast one-quarter, and the south one-half of the northeast one-quarter of Section One (1), Township 3 South, Range 15 West, S. B. B. & M., in the Rancho Sausal Redondo, in the City and County of Los Angeles, California, and it holds the following described interest in and to said property in trust for L. O. Crenshaw, of Los Angeles, California.

"1. That the said L. O. Crenshaw shall be entitled to one-fourth (¼) of any and all proceeds arising from the sale, leasing or other disposition of said property, or any portion thereof, after the said Roy C. Seeley Co. shall have received therefrom such sums as have been expended by it in the acquisition of said property, and any and all interest expended by it by reason of the Trust Deed existing thereon, and any and all expenditures for carrying charges in connection therewith, it being understood and agreed that the purchase price of said property was the sum of Thirty-six Thousand Dollars ($36,000.00) Twelve Thousand Dollars ($12,000.00) of which was paid by said Roy C. Seeley Co. in cash, and that the balance thereof is represented by a Trust Deed upon said property in the principal sum of Twenty four thousand Dollars ($24,000.00) due on or before three (3) years from the date thereof, and bearing interest at the rate of seven per cent (7%) per annum, payable semi-annually.

"2. It is understood and agreed that Roy C. Seeley Co. shall have absolute control of said property, and may lease, sell or otherwise dispose of said property, or any portion thereof, or any right, title or interest therein as it may deem advisable, provided, however, that in the event of the death of Roy C. Seeley or in the event that Roy C. Seeley should cease to own more than one-half of the stock of Roy C. Seeley Co., and shall cease to own more than one-half of the stock of any corporation owning more than one-half of the stock of Roy C. Seeley Co., then L. O. Crenshaw shall have the right, upon demand, to have conveyed to him a one-fourth (¼) undivided interest in and to said property and a one-fourth (¼) undivided interest in and to any and all leases or agreements in connection with said property made by said Roy C. Seeley Co., upon payment to said Roy C. Seeley Co., of one-fourth (¼) of all moneys due it by reason of the moneys expended by it in the acquisition of said property, and in payment of interest and carrying charges in connection therewith, and from and after such time, the right of said Roy C. Seeley Co. to sell, lease or dispose of said property, or any portion thereof, without the consent of L. O. Crenshaw, shall cease and terminate.

"In Witness Whereof the Roy C. Seeley Co. has caused this agreement to be executed by its duly authorized officers this 19th day of February, 1924.

> "Roy C. Seeley Co.
> "By (Signed) Roy C. Seeley
> "President
> "Daisy McIntyre
> "Secretary

"February 19, 1924.

"I hereby accept the foregoing Declaration as evidence of my interest in and to the land described therein.

> "(Signed) L. O. Crenshaw."

The name of the corporation was thereafter changed to the Roy C. Seeley Holding Company, but we will refer to it herein as the Seeley Company. L. O. Crenshaw died in August, 1924, and shortly thereafter his widow was appointed executrix. In January, 1929, she resigned as such executrix and plaintiff George L. Crenshaw was appointed administrator.

It appears without dispute that at the time of the declaration of trust and at all times thereafter defendant Roy C. Seeley was president and managing head of the Seeley Company; that in 1927, the Seeley Company sold said property to defendants Roy C. Seeley and Thomas Beyrle, for the sum of $42,000; and that shortly thereafter said defendants Roy C. Seeley and Thomas Beyrle sold said property to others for the sum of approximately $105,000.

The action was brought against the Seeley Company, Roy C. Seeley, Thomas Beyrle and others. The foregoing facts were set forth in the complaint and it was further alleged that the sale by the corporation was the result of a conspiracy on the part of the defendants to defraud the estate of L. O. Crenshaw, deceased. These allegations relating to conspiracy and many other allegations of the complaint were denied by the answer, but the facts set forth in the preceding paragraph were admitted. The trial court gave judgment in favor of plaintiff and against the defendant Roy C. Seeley in an amount equal to one-fourth of the profits made by him individually on the resale of the property.

Appellant contends that "there never was any trust created even as between the Seeley Company and Crenshaw

or his estate''. In our opinion this contention is without merit. Appellant cites and relies upon *Molera* v. *Cooper*, 173 Cal. 259 [160 Pac. 231], and *In re Lamb*, 61 Cal. App. 321 [215 Pac. 109], but these decisions are not in point. It appears to be appellant's theory that as the declaration of trust provided that the trustee should have ''absolute control'' of the property, the beneficiary had no interest in the property but merely a contingent interest in the proceeds therefrom. We believe that appellant places an unwarranted construction upon the words ''absolute control'', which words are frequently found in instruments creating trusts and defining the trustees' powers. The entire instrument must be read as a whole and these words cannot be construed to nullify the remaining provisions thereof. The instrument before us did more than create ''a contingent relationship of debtor and creditor'' with respect to the anticipated proceeds of the property as argued by appellant. It expressly purported to create a trust in favor of the named beneficiary and in our opinion it created a trust in the property itself. (*Hannah* v. *Canty*, 175 Cal. 763 [167 Pac. 373].)

Appellant further contends that ''as between the Crenshaw estate and the defendant Seeley there not only never was trust relationship, but there never was any contractual relationship with him or duty imposed upon him of any kind''. Under the undisputed facts in this case this broad contention cannot be sustained. The defendant Seeley was at all times the president and managing head of the Seeley Company, the corporate trustee. He was therefore an agent of the trustee. In purchasing the property on his own behalf his interests were necessarily adverse to those of the beneficiary. Section 2230 of the Civil Code provides that neither a trustee nor the agent of the trustee may take part in any transaction concerning the trust in which he has an interest adverse to that of the beneficiary except as therein provided. It is therefore clear that in purchasing the trust property from the trustee the same duties and obligations were imposed upon the defendant Seeley as would have been imposed upon the trustee itself had it attempted to acquire the trust property for its own account.

Endeavoring to bring himself within the exceptions set forth in section 2230 of the Civil Code, appellant makes

the further contention that "if there was any trust impressed upon this property, and even if Seeley occupied the position of agent of the trustee, the beneficiary of the trust consented to his participation in the sale". In support of this contention appellant calls our attention to certain communications between appellant and the widow of the deceased. Although the widow was the executrix at the time of the sale to appellant it does not appear that she was the only person interested in the estate of L. O. Crenshaw, deceased, nor does it appear that any alleged consent on her part was given with a full knowledge of all of the facts which might have affected her decision. Under these circumstances the alleged consent of the widow would be insufficient to remove the restrictions imposed upon the trustee and its agent by the provisions of said section 2230.

█ Appellant makes several further contentions regarding the insufficiency of the pleadings, the evidence and the findings to support the judgment. In this connection it is claimed that the trial court failed to find upon material issues raised by the pleadings. We find no merit in these contentions. The complaint sufficiently pleaded a cause of action based upon constructive fraud on the part of appellant. (Civ. Code, secs. 2230, 2234 and 1573.) There were further allegations of conspiracy and actual fraud on the part of all of the defendants, but judgment was entered solely against appellant. The evidence may have been insufficient to sustain all of these allegations relating to conspiracy and actual fraud, but we do not believe that appellant may complain upon that ground nor upon the ground that the trial court failed to make findings upon some of said issues. We are of the opinion that the pleadings, evidence and findings were all sufficient to make out a case of constructive fraud on the part of appellant and therefore findings upon the issues of conspiracy and actual fraud would have been findings upon issues which would not have affected the judgment. (*Darrow* v. *Robert A. Klein & Co.*, 111 Cal. App. 310 [295 Pac. 566].) █ There were certain findings made by the trial court which appellant claims are unsupported by any evidence, but these last-mentioned findings were not essential to support the judgment and we therefore deem it unnecessary to discuss the sufficiency of the evidence to support said findings.

■ Appellant further complains of the amount of the judgment. It will be noted that the trial court awarded judgment in favor of respondent for one-fourth of the profits actually realized by appellant individually or, in other words, one-fourth of one-half of the total profit realized by appellant and defendant Beyrle upon the resale of the property. It will be further noted that the trial court gave judgment in favor of the Seeley Company and the defendant Beyrle. It seems to be appellant's theory that as respondent was entitled under the declaration of trust to one-fourth of the proceeds, but only after certain deductions, respondent is not entitled to one-fourth of the entire profits made by appellant. With this theory we cannot agree. The present controversy does not involve the trustee. It had sold the trust property to appellant and we are here concerned with the extent of the liability of appellant to respondent for appellant's violation of the duties imposed upon him as agent of the trustee. We are satisfied that the trial court adopted the correct measure of liability. If the deceased had been the sole beneficiary of the trust, respondent would have been entitled to recover the entire amount of the profit realized by appellant, or the sum of approximately $31,000, but as the deceased was entitled to only the one-fourth interest therein, an amount equal to one-fourth of said profit was properly awarded.

The judgment is affirmed.

Nourse, P. J., and Sturtevant, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on March 18, 1933, and an application by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on April 17, 1933.