[Civ. No. 17871.   Second Dist., Div. Two.   Dec. 8, 1950.]

IMOGENE JONES, Appellant, v. AMOS
ALEXANDER, Respondent.

Earl C. Broady for Appellant.

Edward S. Cooper for Respondent.

MOORE, P. J.—In an action to "establish and enforce a trust in real property held in joint tenancy," a "decree quieting title" was entered in favor of appellant. Five months and 28 days after such entry the defendant served and filed his notice that on February 7, 1950, he would move the court to vacate and set aside the decree on two grounds, to wit: (1) the decree is void in that it awarded a different relief from that demanded by the complaint; and (2) the judgment was entered "by the mistake, inadvertence, surprise and excusable neglect of the defendant." The hearing was neither had nor the motion made until more than seven months after entry of the decree. The court having granted the motion, this appeal is from that order. The defendant filed no brief.

■ No valid basis for the order was pleaded. A decree quieting title in appellant was a substantial response to her demand for judgment declaring (1) plaintiff to be owner, (2) defendant holds title in trust for plaintiff, (3) enjoining defendant from interfering with plaintiff's occupancy. Indeed, the decree declares that plaintiff was "at all times mentioned herein owner in fee simple and entitled to the possession" of the property, and that defendant has no right, title, interest, claim or estate whatsoever and is ordered to surrender possession of the premises to plaintiff. Defendant having filed an answer the court had jurisdiction to grant any relief consistent with the issues created by the pleadings. (Const., art. VI, § 5; Code Civ. Proc., §§ 580, 1014; *Sampsell* v. *Superior Court,* 32 Cal.2d 763, 773 [197 P.2d 739]; *Temple* v. *Horrall,* 92 Cal.App.2d 177, 180 [206 P.2d 909]; *Estrin* v. *Superior Court,* 14 Cal.2d 670, 678 [96 P.2d 340]; *Gray* v. *Hall,* 203 Cal. 306, 314 [265 P. 246].) ■ The title of neither the complaint nor of the decree is significant. The issues made are all important in the matter of relief awarded by the judgment which cannot be void if the court had jurisdiction to grant the relief awarded. (*Gray* v. *Hall, supra.*)

■ If an erroneous judgment is rendered by the court in the exercise of its constitutional jurisdiction it may be corrected only by appeal or by motion under section 473, Code of Civil Procedure. (*Phillips* v. *Trusheim,* 25 Cal.2d 913, 916 [156 P.2d 25]; *Bastajian* v. *Brown,* 19 Cal.2d 209, 214 [120 P.2d 9]; *Baird* v. *Smith,* 216 Cal. 408 [14 P.2d 749]; *Stevens* v.

*Superior Court,* 7 Cal.2d 110, 112 [59 P.2d 988] ; *Lingg Estate,* 71 Cal.App.2d 403, 411 [162 P.2d 707].) Defendant not having appealed from the decree the order is a nullity unless it was authorized by the facts under section 473.

No facts are averred that satisfactorily show that the failure sooner to file the motion to vacate was excusable. In the absence of such proof the court below had no power to disturb the judgment. After respondent had filed his answer on May 24, 1949, the case was set for trial on July 22 and notice thereof was served on July 1. He deposes that in the month of July he worked at Filmore and returned to Los Angeles the first week in August and remained two weeks, whereupon he sojourned in Bakersfield until November when he again returned to Los Angeles. He does not say that he left his correct mailing address with his attorney or that he inquired of the latter when he returned to Los Angeles in July or in November. He gives no explanation of his failure to investigate the status of the case during November and December, 1949, or in the first three weeks of January, 1950. Such neglect of his valuable interests pending in court and awaiting adjudication does not commend itself to the chancellor and does not warrant relief from default. (*Benjamin* v. *Dalmo Manufacturing Co.,* 31 Cal.2d 523, 529 [190 P.2d 593] ; *Smith* v. *Pelton Water Wheel Co.,* 151 Cal. 394, 398 [90 P. 934].)

The decree being a valid judgment, the order made was not justified by that statute. The time limit for moving to set aside a judgment on the grounds specified in section 473 is six months. Not only was respondent derelict in waiting for practically six months to file his notice of motion, his delay thereafter for 34 days to present the motion rendered void the order granting it. (*Benjamin* v. *Dalmo Manufacturing Co., supra,* 530; *Hall* v. *Imperial Water Co.,* 200 Cal. 77, 80 [251 P. 912] ; *Thompson* v. *Thompson,* 38 Cal.App.2d 377, 380 [101 P.2d 160].) The motion does not take its date from the date of filing the notice thereof, but from the day it is made to the court. (*Richert* v. *Benson Lumber Co.,* 139 Cal. App. 671, 676 [34 P.2d 840].) Under the facts disclosed the court below had no authority to vacate the judgment. (*Knox* v. *Superior Court,* 100 Cal.App. 452, 454 [280 P. 375].)

Reversed.

McComb, J., and Wilson, J., concurred.