[Civ. No. 21516.   Second Dist., Div. One.   May 28, 1956.]

FRED H. KNOBLOCK, Plaintiff, v. WAALE-CAMPLAN COMPANY (a Corporation), Respondent; J. C. CROOK-SHANKS et al., Appellants.

Earle E. Cook for Appellants.

Vincent Scott and H. Burdette Fredricks for Respondent.

WHITE, P. J.—Cross-defendants J. C. and Merridy Crookshanks have appealed from a judgment of the Superior Court of Los Angeles County, which provides that plaintiff Fred H. Knoblock recover from defendants Waale-Camplan Company and A. Gelfan and Company, jointly and severally, the sum of $3,451.20 and that cross-complainant Waale-Camplan Company recover from the cross-defendants A. Gelfan and Company, J. C. Crookshanks and Merridy C. Crookshanks, jointly and severally, the sum of $2,556. Neither of the defendants Waale-Camplan Company and A. Gelfan and Company has appealed and the portion of the judgment against them in favor of the plaintiff is shown by the record to have been satisfied.

While the notice specifies that the appeal is taken from the whole of the judgment, an appeal by these cross-defendants affects only the portion of the judgment against them. This court will therefore consider only the portion of the judgment against appellants and in favor of the respondent. (*Lake* v. *Superior Court*, 187 Cal. 116, 120 [200 P. 1041].)

A summary of the facts which gave rise to this litigation follows.

Defendant A. Gelfan and Company, a corporation, became obligated to paint the Venice High School as subcontractor under the defendant Waale-Camplan Company, a corporation. Thereafter plaintiff Knoblock lent A. Gelfan and Company the sum of $6,000 and A. Gelfan and Company assigned to Knoblock $6,000 of the money to become due A. Gelfan and Company from said Waale-Camplan Company under said subcontract, which assignment was presented to and accepted by said Waale-Camplan Company on or about August 24, 1951. On September 12, 1951 the sum of $2,556 became due plaintiff Knoblock by virtue of said assignment, but through mistake Waale-Camplan Company issued and delivered a check for that amount to A. Gelfan and Company and not to plaintiff Knoblock, its assignee. A. Gelfan and Company kept and deposited the check and the amount thereof was never returned to defendant and cross-complainant Waale-Camplan Company.

Appellants J. C. and Merridy Crookshanks are husband and wife. The testimony of J. C. Crookshanks discloses that he was the vice-president, his wife was secretary-treasurer, and A. Gelfan was president of A. Gelfan and Company from its beginning until November 7, 1951; and during said time they were the only directors of said corporation. Mr. Gelfan became quite ill about October 15, 1951. He then left the business and had nothing to do with it thereafter. When Mr. Gelfan left, Crookshanks "took over" and he and his wife "conducted the business of the corporation." Crookshanks further testified as follows:

"Q. You did take some interest in what money was coming in and going out? A. I took interest in what the bank balance was, mostly.

"Q. Then it shows the date here, September 18, 1951, $2,556? A Yes.

"Q. When did you first know that the corporation received $2556 from Waale-Camplan Company? A. When Mr. Knoblock contacted me sometime, I believe it was in October or the first of November, 1951.

"Q. Then you and Mr. Knoblock had a conversation relative to that amount of money? A. We did.

. . . . . . . . . .

"Q. Mr. Knoblock in his conversation you referred to had told you that payment had been made to your corporation by mistake? A. I understood it at that time.

"Q. And you understood the money had been paid you by mistake? A. That is right.

"Q. You made no attempt or took no measure to repay that? A. At that time, no.

"Q. Well, did you ever? A. No; not that I did not have the intention to eventually."

After appellant J. C. Crookshanks knew of the money so paid to the corporation by mistake, he and his wife signed and delivered to him as payee checks on the account of the corporation, as follows:

Dec. 26, 1951, Check No. 590, for $2,000.
Jan. 14, 1952, Check No. 604, for $3,000.
Jan. 15, 1952, Check No. 605, for $1,000.
Jan. 23, 1952, Check No. 614, for $1,000.

Not long afterward, appellants ceased operations of A. Gelfan and Company.

On October 6, 1952, appellant J. C. Crookshanks, as president of A. Gelfan and Company, petitioned the federal court

to declare the corporation bankrupt. His petition shows debts $4,690, assets $2,013.38 consisting of no cash, $375 stock in trade, and the balance debts due on open accounts. Crookshanks, knowing that Waale-Camplan Company had paid A. Gelfan and Co. $2,556 by mistake, that said $2,556 had been deposited in the account of the corporation and thereafter transferred to himself by check, and that said $2,556 had never been returned to Waale-Camplan Company, did not list Waale-Camplan Company as a creditor of A. Gelfan and Company. No officers or stockholders of A. Gelfan and Company, other than A. Gelfan and the appellants, are shown by the petition.

The first ground for reversal urged by appellants in their opening brief is that relief not prayed for was granted. The cross-complaint is stated to be "for declaratory relief and to determine controversy and order." By its prayer, respondent Waale-Camplan Company, a corporation, asks "that this court make and enter its judgment in favor of said Fred H. Knoblock and against cross-defendants herein in said sum of $2,556.00; and that the court further enter its judgment that this cross-complainant is not indebted to said cross-defendants or to said Fred H. Knoblock. For its costs herein incurred. For such further relief as to the court may seem just."

Appellants demurred to said cross-complaint on the ground, among others, "that the cross-complaint is uncertain in that the prayer asks this court to make and enter a judgment against cross-defendants in favor of one Fred H. Knoblock, who is not a party to this cross-complaint." The demurrer was overruled and appellants thereafter filed their answer by which they admitted "that Waale-Camplan Company by error paid to A. Gelfan & Company the sum of $2,556.00 on or about September 12, 1951, which sum at said time should have been paid to Fred H. Knoblock."

Assuming, but not deciding, that appellants' demurrer to the cross-complaint on the ground of uncertainty in that a portion of the prayer sought unwarranted relief was well taken, nevertheless, under the circumstances of the instant action, the order overruling said demurrer was not prejudicial.

In the instant action, an answer having been filed, the court was authorized to grant "any relief consistent with the case made by the complaint and embraced within the

issue." (Code Civ. Proc., § 580.) This is true irrespective of the theory upon which the facts were pleaded, the title of the pleading, or what relief was sought by the prayer. (*Estrin* v. *Superior Court,* 14 Cal.2d 670, 676-678 [96 P.2d 340]; *Mannon* v. *Pesula,* 59 Cal.App.2d 597, 609 [139 P.2d 336]; *Nelson* v. *Abraham,* 29 Cal.2d 745, 749 [177 P.2d 931]; *Jones* v. *Alexander,* 101 Cal.App.2d 44, 45 [224 P.2d 870].)

Appellants further contend that "the evidence at the trial on the cross-complaint does not justify the relief granted."

The evidence in support of the cross-complaint is without conflict that A. Gelfan and Company received, because of cross-complainant's mistake, the sum of $2,556 to which it had no right; and that the amount was never repaid.

"One who gains a thing by . . . mistake . . . is . . . an involuntary trustee of the thing gained, for the benefit of the person who would otherwise have had it." (Civ. Code, § 2224.)

Knowing that $2,556 of the money in the account of A. Gelfan and Company was so held by it as trustee for Waale-Camplan Company, appellants nevertheless, by their checks, reduced the cash of A. Gelfan and Company to zero. From the evidence before the court, the conclusion is justified that Waale-Camplan Company's $2,556 was withdrawn from the corporate funds by checks payable to appellant J. C. Crookshanks. ██ Both appellants having signed the corporation's checks, both are equally responsible. (*Gray* v. *Sutherland,* 124 Cal.App.2d 280, 290 [268 P.2d 754].) Both being agents of the corporate trustee, when they thus relieved the corporation of its possession of the trust money, they, individually, were charged wth the same duties and obligations as had been imposed upon the corporate trustee. (*Crenshaw* v. *Rey C. Seeley Co.,* 129 Cal.App. 627, 732 [19 P.2d 50]; *Bridgeford* v. *McAdoo,* 48 Cal.App. 305, 306 [191 P. 113].)

██ Appellants contend that the judgment cannot be sustained on the theory that they were involuntary trustees because that theory was not presented to the trial court. We do not have before us the arguments of counsel or authorities cited by them to the trial court, but in any event it is the duty of an appellate tribunal to affirm any judgment not shown to have been erroneous.

Having determined that respondent Waale-Camplan Company is entitled to judgment against appellants for the return of its money so held by them in trust, it is not necessary to discuss appellants' arguments and authorities cited by

them regarding the legality of their preferential payment of the corporation's debt to appellant J. C. Crookshanks, or the procedures required to set aside illegal preferences.

The judgment is affirmed.

Doran, J., and Fourt, J., concurred.