[Civ. No. 18679.    First Dist., Div. Two.    Feb. 5, 1960.]

ALFRED A. PERRY et al., Respondents, v. FREDERICK
LAMBOURNE et al., Appellants.

Watson & Tedesco and Vincent N. Tedesco for Appellants.

Di Maria & Daschbach and Howard Daschbach for Re-
spondents.

DRAPER, J.—This is an action for damages for breach of an oral agreement of joint venture. After nonjury trial, plaintiffs had judgment. Defendants appeal.

Defendants had an option to purchase two lots. The trial court found that in a series of conversations the parties agreed that defendants would make the lots available for construction of two houses, obtain a construction loan, and arrange for sale of the houses; and plaintiffs would prepare plans and specifications in accordance with sketches drawn by defendants, assemble detailed cost estimates to facilitate financing, and supervise and effect construction of the houses. Half the profits were to go to plaintiffs and half to defendants. Over a period of somewhat more than three months, plaintiffs caused plans to be prepared, paid $132.40 to a draftsman, prepared detailed specifications, and secured bids from subcontractors. At the end of this time defendants advised, by letter, that they had accepted an offer for the lots, and thus terminated the "project." Their stated reasons were that "we haven't been able to get any definite commitment on financing," that a number of homes were unsold in the neighborhood, and that "we were offered a fair deal on the lots." Plaintiffs had judgment for $1,132.40.

Defendants first argue that the evidence showed only "preliminary negotiations," rather than a firm agreement. But the evidence was in conflict upon this point, and the question therefore was one to be determined by the trier of the facts. (*Lasry* v. *Lederman,* 147 Cal.App.2d 480, 486 [305 P.2d 663]; *San Francisco Iron etc. Co.* v. *American Milling etc. Co.,* 115 Cal.App. 238 [1 P.2d 1008].) The trial court obviously accepted plaintiffs' testimony as true, and in view of the substantiality of that evidence, the determination is binding upon this court.

Defendants also point to a number of details which they assert are not definitely agreed upon. But the agreement found by the court adequately shows the intent to create a joint venture, and indefiniteness with regard to details is not fatal. (*James* v. *Herbert,* 149 Cal.App.2d 741, 748 [309 P.2d 91].)

Despite defendants' contention, there is no evidence showing breach by plaintiffs of the covenants which the court found to constitute the agreement of the parties.

Finally, defendants assert that the trial court erred in awarding $1,000 damages in addition to the amount of $132.40 admittedly paid by plaintiffs to a draftsman. Defend-

ants argue that if the award is based upon profits to be realized had the joint venture been carried out, it is too speculative. ■ But where, as here, one party has prevented performance by total repudiation of the joint venture, anticipated profits need not be established with complete certainty. (*James v. Herbert, supra,* 149 Cal.App.2d 741, 749.) ■ The evidence before us adequately shows reasonably anticipated profits in an amount substantially in excess of that awarded. In its memorandum opinion, however, the trial court suggests that the award of $1,000 was based upon the value of services rendered by plaintiffs to the joint venture before defendants' repudiation. Defendants first contend that the complaint states the theory of recovery of a share of anticipated profits, and thus limits the recovery to that theory. But the complaint clearly alleges performance of services for the joint venture by plaintiffs. In view of this allegation of facts, plaintiffs are not limited by the suggestion, in the complaint, of a theory which is incorrect or which is not accepted by the trial court. (Code Civ. Proc., § 580; *Buxbom* v. *Smith,* 23 Cal.2d 535, 542 [145 P.2d 305]; *Knoblock* v. *Waale-Camplan Co.,* 141 Cal.App.2d 870, 873-874 [297 P.2d 765].) Plaintiffs were entitled to compensation "for all the detriment proximately caused" by defendants' breach of contract (Civ. Code, § 3300), including the value of services rendered in reliance upon defendants' promise. (*Grosse* v. *Petersen,* 30 Cal.App. 482, 487 [158 P. 511].) The evidence supports a valuation of these services far in excess of the amount awarded.

Judgment affirmed.

Kaufman, P. J., and Dooling, J., concurred.