[Civ. No. 26731. First Dist., Div. One. July 8, 1969.]

HERBERT L. COOK, Petitioner, v. THE SUPERIOR COURT OF SAN MATEO COUNTY, Respondent; ERMA J. STEWART, Real Party in Interest.

Sheldon I. Balman for Petitioner.

No appearances for Respondent and for Real Party in Interest.

ELKINGTON, J.—Erma J. Stewart, the real party in interest in these proceedings, commenced a small claims action against Charles Schiveley, doing business as Mayer-Licht, and Herbert Cook, the petitioner here. She alleged that the defendants were indebted to her in the sum of $250; that she had demanded payment of said sum; and that defendants refused to pay the same and no part thereof had been paid. Judgment that plaintiff recover $225 from defendant Schiveley and take nothing from defendant Cook was thereafter entered. Defendant Schiveley appealed from the judgment. On a trial de novo in the superior court, judgment was ordered that the plaintiff recover $200 from defendant Cook and take nothing from defendant Schiveley.

On petition of defendant Cook we granted certiorari for the purpose of determining the jurisdiction of the superior court to enter judgment against a prevailing codefendant in the small claims court when no appeal had been taken (or could be taken (see Code Civ. Proc., § 117j)) by the plaintiff from the portion of the judgment affecting such defendant. The issue appears to be of first instance and its resolution is not readily apparent.

A consideration of the policy implicit in the Small Claims Court Act (Code Civ. Proc., §§ 117-117r) seems profitable. Section 117h states that ''No formal pleading, other than the

said claim and notice, shall be necessary and the hearing and disposition of all such actions shall be informal, with the sole object of dispensing speedy justice between the parties. . . .''

Referring to small claims proceedings the court in *Prudential Ins. Co.* v. *Small Claims Court*, 76 Cal.App.2d 379, 383 [173 P.2d 38, 167 A.L.R. 820], stated: ''Justice should not be a rich man's luxury. The Magna Carta guaranteed that justice would not be denied or delayed. Ever since 1215 those interested in the administration of justice have struggled somewhat unsuccessfully to live up to that promise so far as the poor litigant is concerned. The delay and expense incident to litigation have long discouraged the attempts of the poor litigant to secure redress for claims meritorious but small in amount. These cases are relatively of as great importance to those litigants as those heard in our highest courts, but the expense of employing an attorney and paying normal court costs is more than the cause will bear. The solution to this problem arrived at not only by many states in the United States, but also in England and in many continental countries, has been to create small claims or conciliation courts where small claims may be prosecuted informally and without the cost, delay, or procedural difficulties incident to normal litigation. . . .'' Such policy, the court said, ''has received the well-nigh universal approval of the public, the bar and the judiciary.''

*Sanderson* v. *Niemann*, 17 Cal.2d 563, 573 [110 P.2d 1025], elaborates as follows: ''It is apparent that such a court was established in order to offer a means of obtaining speedy settlement of claims of small amounts. The theory behind its organization is that only by escaping from the complexity and delay of the normal course of litigation could anything be gained in a legal proceeding which may involve a small sum. Consequently, the small claims court functions informally and expeditiously. The chief characteristics of its proceedings are that there are no attorneys, no pleadings and no legal rules of evidence; there are no juries, and no formal findings are made on the issues presented. At the hearings the presentation of evidence may be sharply curtailed, and the proceedings are often terminated in a short space of time. The awards—although made in accordance with substantive law—are often based on the application of common sense; and the spirit of compromise and conciliation attends the proceedings. [Citations.]''

A small claims court plaintiff, taking advantage of the

speedy, inexpensive procedures and other benefits of that court, accepts all of its attending disadvantages such as the denial of the right to an attorney or to an appeal. Passing upon the special status of such a plaintiff the court in *Superior Wheeler Cake Corp.* v. *Superior Court,* 203 Cal. 384, 387 [264 P. 488], declared: "Thus it will be seen that a quick and inexpensive method of trial and judgment is provided largely in the interest of complaining plaintiffs; that the right of jury trial is denied the defendant in such cases and service by mail upon him is deemed sufficient without actual personal notice. These and perhaps other things are present showing the advantage plaintiff may have or may think he has over the defendant by resorting to this special remedy. The plaintiff, in other words, comes under the yoke of this system voluntarily, but the defendant comes thereunder only by the strong arm of the law. The parties, therefore, do not enter the forum upon equal terms. If the plaintiff does not feel that he will be benefited by the procedure, he has the alternative of entering the regular jurisdiction of the justice's court, where the right of appeal is equal and reciprocal. Having this unmistakable choice in the premises, we fail to find discrimination within the meaning of any of said constitutional provisions. The advantage voluntarily accepted must be held a complete compensation for the loss of the right of appeal."

■ From the foregoing a clear policy is shown that a plaintiff electing to proceed in a small claims court is to be *finally* bound by an adverse judgment.

■ It is established law that an appeal by one of several defendants is ordinarily an appeal only from that portion of the judgment which prejudicially affects the appealing defendant. (*Lake* v. *Superior Court,* 187 Cal. 116, 119-120 [200 P. 1041]; *Marsh* v. *Workmen's Comp. App. Bd.,* 257 Cal.App. 2d 574, 579 [65 Cal.Rptr. 69]; *Knoblock* v. *Waale-Camplan Co.,* 141 Cal.App.2d 870, 871 [297 P.2d 765].) Although it is recognized that a small claims appeal is substantially different in many respects from the conventional statutory appeal (see *Redlands etc. School Dist.* v. *Superior Court,* 20 Cal.2d 348, 354-355 [125 P.2d 490]), we believe that the above-stated rule is reasonably applicable to a small claims action, such as here, where only one of multiple defendants appeals from the judgment.

■ We therefore hold that the small claims judgment in the case at bench, to the extent that it determined defendant Cook not to be indebted to the plaintiff Stewart, was final and

beyond the jurisdiction of the superior court to alter on the trial de novo.

We have considered language of *Lake* v. *Superior Court, supra,* 187 Cal. 116, 120, to the effect that the entire judgment, as to all defendants, may be reviewed in cases where such is necessary to protect the interest of an appealing defendant. That exception involves complex and interrelated issues not found in small claims cases founded on common counts for indebtedness (Code Civ. Proc., § 117b); it is not applicable here. A defendant who is individually liable is not aggrieved by the exoneration, even though erroneous, of a codefendant. (*Swails* v. *General Elec. Co.,* 264 Cal.App.2d 82, 86 [70 Cal.Rptr. 143]; *Fran-Well Heater Co.* v. *Robinson,* 182 Cal.App.2d 125, 132 [5 Cal.Rptr. 900]; *Click* v. *Southern Pac. Co.,* 113 Cal.App. 528 [298 P. 839].) This rule was not changed by the enactment of Code of Civil Procedure sections 875-880, relating to contribution among joint tortfeasors. (*Guy F. Atkinson Co.* v. *Consani,* 223 Cal.App.2d 342 [35 Cal.Rptr. 750].) And, of course, one who is not himself liable cannot be prejudiced by a judgment for or against a codefendant. The only possible aggrieved party in the case before us was the plaintiff Stewart, whose choice of a forum denied her relief by appeal, or otherwise, from the small claims judgment in defendant Cook's favor.

The judgment of the superior court against petitioner Herbert Cook, being in excess of that court's jurisdiction, is annulled.

Molinari, P. J., and Sims, J., concurred.