Filed 4/11/25  County of Los Angeles v. Weaver CA2/5

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| COUNTY OF LOS ANGELES, Plaintiff and Respondent, v. BRANDON WEAVER, Defendant and Appellant. | B335242 (Los Angeles County Super. Ct. No. 21CWCS04221) |

APPEAL from a judgment of the Superior Court of Los Angeles County, Angela Villegas, Commissioner.  Affirmed.

Brandon Weaver, in pro. per., for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

————————————

## INTRODUCTION

Eighteen months after entry of judgment in a child support action, defendant and appellant Brandon Weaver filed a request to change court orders, challenging the court's assertion of personal jurisdiction. The trial court denied Weaver's request, and Weaver appealed. We affirm the post-judgment order.

## FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff and respondent County of Los Angeles filed a complaint against Weaver in April 2021. According to the case register, Weaver filed an answer and declaration of income and expenses in June of 2021. Following a February 3, 2022 court hearing at which Weaver appeared, on March 4, 2022, the trial court entered a judgment against Weaver for past and future child support payments, as well as health care costs.

Eighteen months later, on September 1, 2023, Weaver filed a request to change court orders. He sought to make a special appearance and to have the case dismissed for lack of personal jurisdiction. At a hearing on October 25, 2023, the trial court permitted Weaver to argue and then denied his request. The court directed county counsel to prepare an order after hearing, but no such order appears in the appellate record.

Weaver filed a notice of appeal on December 20, 2023.

## DISCUSSION

Weaver is self-represented in this appeal, and the County has not filed a respondent's brief. "The same burdens are imposed uniformly and equally on all appellants, and self-represented parties are ' "held to the same restrictive procedural rules as an attorney." ' [Citation.]" (*Burkes v. Robertson* (2018) 26 Cal.App.5th 334, 344–345.) "A doctrine generally requiring or permitting exceptional treatment of parties who represent themselves would lead to a quagmire in the trial courts, and would be unfair to the other parties to litigation." (*Rappleyea v. Campbell* (1994) 8 Cal.4th 975, 985.)

The opening brief must state the relief sought in the trial court, the judgment or order appealed from, and why it is appealable. (Cal. Rules of Court, rules 8.204(a)(2)(A) & 8.204(a)(2)(B).) Weaver's opening brief states that he is appealing from the "judgment of the Los Angeles County Superior Court." To the extent Weaver seeks appellate review of the March 4, 2022 judgment against him, his appeal is untimely, because his notice of appeal was filed more than 180 days after entry of judgment. (Cal. Rules of Court, rule 8.104(a)(1).)

The trial court's October 25, 2023 order denying Weaver's request to change court orders is appealable as a postjudgment order. (Code Civ. Proc., § 904.1, subd. (a)(10); *In re Marriage of Levine* (1994) 28 Cal.App.4th 585, 589 [an appealable postjudgment order must be "one which is not preliminary to later proceedings and will not become subject to an appeal after some future judgment"].) Because Weaver's Notice of Appeal identifies the October 25, 2023 order as the order being appealed,

we consider whether any of his contentions of error warrant reversal of that order.

To the extent that we can discern his contention on appeal, Weaver appears to argue that the trial court erred in denying his request to change court orders, because he was denied due process before judgment was entered in March 2022, perhaps based on a claim of improper service.

"Appealed judgments and orders are presumed correct, and error must be affirmatively shown. (*Denham v. Superior Court* (1970) 2 Cal.3d 557, 564.)" (*Randall v. Mousseau* (2016) 2 Cal.App.5th 929, 935; *Bullock v. Philip Morris USA, Inc.* (2008) 159 Cal.App.4th 655, 685 ["appellant must affirmatively demonstrate error through reasoned argument, citation to the appellate record, and discussion of legal authority"].) The trial court correctly denied Weaver's motion, because none of his proffered evidence or legal authority established that his due process rights had been violated in the support proceedings resulting in the March 2022 judgment. Nor did Weaver provide any other factual or legal grounds to vacate the underlying judgment. "[D]efective service is not fatal to personal jurisdiction if the defendant consents to jurisdiction over him or her by making a general appearance in the action. [Citations.] [¶] A general appearance occurs when the defendant takes part in the action and 'in some manner recognizes the authority of the court to proceed.' [Citations.]" (*In re Vanessa Q.* (2010) 187 Cal.App.4th 128, 135.)

Even accepting Weaver's assertion on appeal that no proof of service was attached to the complaint, Weaver's general appearance by filing an answer and appearing at the February 3, 2022 hearing were sufficient to establish personal jurisdiction.

4

(See Code Civ. Proc., § 1014; *Jones v. Alexander* (1950) 101 Cal.App.2d 44, 45 [defendant's answer gave court jurisdiction to grant any relief consistent with the issues created by the pleadings]; see also *Mt. Holyoke Homes, LP v. California Coastal Com.* (2008) 167 Cal.App.4th 830, 844 ["a defendant who makes a general appearance without objecting to personal jurisdiction acquiesces in the court's exercise of jurisdiction and forfeits any future challenge to the court's power over him or her"].)

## DISPOSITION

The October 25, 2023 order is affirmed. In the interests of justice, the parties are to bear their own costs on appeal.

NOT TO BE PUBLISHED.

MOOR, J.

WE CONCUR:

BAKER, Acting P. J.

KIM (D.), J.